## July Brown *v.* The State.

1. EVIDENCE.  *Competency of part.  General objection insufficient.*

    Failure to exclude incompetent parts of the testimony of a witness will not be held erroneous where objection is not made until after he had finished testifying, and then only by a motion to exclude his entire testimony.

2. FORMER ACQUITTAL.  *Record.  Identity of offense.  Evidence.*

    To avail of a former acquittal of unlawful retailing, the record must be introduced, and by evidence *aliunde* the identity of the offense must be shown.  *Rocco v. State,* 37 Miss., 357.

3. INSTRUCTION.  *Defining reasonable doubt.  Conscientious belief.*

    An instruction in a criminal case in the following language is erroneous : "You are not required to know that defendant is guilty ; but if you conscientiously believe, from all the testimony, he is guilty, you should convict, for then you have no reasonable doubt, and the case is made out to a moral certainty."  Conscientious belief is not necessarily belief beyond a reasonable doubt.

FROM the circuit court of Panola county, second district.

HON. EUGENE JOHNSON, Judge.

Appeal from a conviction on a charge of unlawfully retailing intoxicating liquors.  The opinion contains a sufficient statement of the case to indicate the questions decided.

*Stone & Lowrey,* for appellant.

1. The testimony of the witness, Sledge, was incompetent, and should have been excluded.  It has been repeatedly held that testimony of another sale than that for which defendant is on trial is inadmissible.  *King* v. *State,* 66 Miss., 502; *Bailey* v. *State,* 67 *Ib.,* 333; *Naul* v. *McComb City,* 70 *Ib.,* 699.  The testimony that defendant had made one sale of liquor is not corroborative evidence of another and distinct sale.  *Lea* v. *State,* 64 Miss., 278.

2. The instruction for the state defining a reasonable doubt is erroneous. It was equivalent to telling the jury that if it believed the defendant guilty, there was no reasonable doubt. Inserting the word "conscientiously" does not change the meaning. That which is not according to the dictates of conscience is no belief.

3. The plea of former acquittal should have been sustained. On the former trial, the defendant might have been convicted of the offense here charged, and the two indictments were identical. Under either the defendant could have been convicted of a sale at any time within two years. The correct rule is announced in *Murphy* v. *State*, 24 Miss., 590.

When the name of the party to whom the sale is made is not charged, then the time charged becomes material to identify the offense. In *Lea* v. *State, supra,* a contrary rule is hinted at, but we are slow to believe that, on a square presentation of the issue, this court will go to the extent of holding that a man can be forced to defend himself on an indictment charging the sale at any time within two years, without any possible identification of time, place, or person. If two indictments are good for two trials, then an indefinite number would be good, and the defendant might, in each case, be tried for a crime the grand jury had never presented him for.

*Frank Johnston,* attorney-general, for the state.

1. To sustain the plea of former acquittal, it is necessary to show the record in the former proceedings, and, further, to prove the identity of the offense. *Rocco* v. *State,* 37 Miss., 357.

2. Only two instructions were given for the state, both of which were correct. The rule of law as to reasonable doubt was properly stated.

Argued orally by *P. H. Lowrey,* for appellant, and *Frank Johnston,* for the state.

WOODS, J., delivered the opinion of the court.

We can discover no error of the court in admitting the testimony of the state's witness, Sledge, except in that particular where the defendant was said to have offered to sell whisky to the witness. This was incompetent as corroborating evidence of a sale alleged to have been made to a third party, and would doubtless have been excluded if objection had been made to it when offered. But this was not done. After the witness had finished all his evidence, the record shows to its admission the defendant excepted. If this is held to mean (which is the interpretation most favorable to the prisoner) that, after all the evidence of Sledge had been introduced, the prisoner moved to exclude it, and the court overruled the motion, and exception was taken to the court's ruling, then no error was committed. It is not permissible for one to experiment with a court by consenting, by silence, to all the evidence of a witness, and then move to exclude all the evidence because some part was incompetent. All the evidence was competent, except in the one particular already adverted to, and this, no doubt, the court would have excluded if attention had been called to it by a specific objection. To have excluded all the evidence would have been palpable error, and this was what the court was asked to do, as we suppose.

The plea of former acquittal was not sustained by introduction of the indictment in another case with the judgment of acquittal. It is perfectly well settled that, to make good the plea of former conviction, the party must show the record of the supposed former conviction, but he must show, in addition, by evidence *aliunde*, the identity of the offense of which he was formerly acquitted with that charged in the indictment to which he is pleading his former conviction. In the case of *Rocco* v. *The State*, 37 Miss., 357, this question was supposed to have been definitely settled. That decision has stood for thirty-five years as unquestioned authority, and it must continue to so stand.

By the instruction given for the state, of which complaint is made in the second assignment of error, the learned court undertook the dangerous, if not impossible, task of defining that which is generally held to be indefinable. Said the court to the jury: "You are not required to know that defendant is guilty, but if you conscientiously believe, from all the testimony, he is guilty, then you should convict him, for then you have no reasonable doubt, and the case is made out to a moral certainty." We suppose that a conscientious belief is belief as a matter of conscience, and has reference to that which commands the assent of the moral sense of mankind. But evidence is addressed to man's reason with the primary purpose of convincing the intellectual faculty, and, in criminal jurisprudence that evidence is required, in order to warrant a jury in pronouncing guilty one accused of crime, which, in quality and degree, in character and strength and quantity, satisfies mind and conscience. Evidence may be offered which may be conscientiously, that is, faithfully, believed, and yet fall far short of convincing the mind of the truth of the proposition which it is offered to support and demonstrate. We fear that the instruction which defined conscientious belief to be such as left no room for reasonable doubt, and rose to the height of moral certainty, was erroneous.

In the matter of asking instructions, the beaten way is the safe way; the known paths are the sure ones.

*Reversed.*