## R. W. WEBB v. THE STATE.

1. CRIMINAL LAW. *Instructions. Reasonable doubt.*

> The granting of an instruction for the state, that directs the attention of the jury to the degree of belief required to convict one charged with murder rather than to the facts that would justify a conviction, and, without informing it that the degree of belief required is such as excludes every reasonable doubt of guilt, concludes with the direction to convict the accused if it believes, from all the facts and circumstances proved in the case, that he killed the deceased, constitutes reversible error.

2. SAME. *Misleading instruction.*

> It is reversible error to give an instruction for the state, that diverts the attention of the jury from a direct consideration of the guilt or innocence of one on trial for murder by informing it, in substance, that if, in the light of the proved facts, the killing could not be reasonably accounted for upon any other hypothesis than that the accused was the guilty agent, he should be convicted.

3. EVIDENCE. *Admissibility. Motive.*

> On the trial of one charged with murder, evidence that the accused had seduced the sister and whipped the young nephew of the deceased; had refused to marry the sister after promising to do so if her child, when born, should resemble him; had threatened to burn the house of the deceased, unless he cared for the seduced sister; and had profanely protested against being watched when he visited the sister, is admissible as showing the cause and existence of strained relations, from which a motive for the crime might be inferred. *Story* v. *State*, 68 Miss., 609, cited.

FROM the circuit court of Winston county.

HON. A. G. MAYERS, Judge.

The appellant was convicted of the murder of one Callahan. There was no eyewitness to the killing, and, on the trial, evidence was introduced tending to prove his defense of an *alibi*. For the purpose of showing a motive for the crime, the state offered, and the court admitted, over defendant's objection, evidence to the effect that the accused had seduced the sister of the deceased and whipped his nephew; had refused to marry the sister after promising to do so should her child, when born, resemble him; had threatened to burn the house of the deceased in case he failed to provide for the seduced sister, and had profanely protested against being watched when he visited the sister.

The fourth instruction given for the state is as follows: "While the *alibi* is a good defense in all cases, if shown to cover the time of the crime, it must be by testimony such as the jury believe, to that extent that it raises a reasonable doubt of the guilt of the accused. If there is no such doubt from all the other evidence in the case, and, if the jury believe, from all the evidence in the case, that the testimony of the *alibi* is untrue, then the jury may disregard such testimony altogether; and, if they believe, from all the facts and circumstances proven in the case, that Webb killed Callahan, the jury ought to say guilty."

The fifth instruction given for the state is quoted in full in the opinion.

The action of the court in granting these two instructions and in admitting the evidence introduced to show motive on the part of the accused, were made the grounds of a motion for a new trial, which motion being overruled, the defendant appealed.

*J. A. P. Campbell*, for the appellant.

1. The admission of the testimony in reference to the liaison between the accused and the sister of the deceased was a fatal error. *Cotton* v. *State*, 31 Miss., 504. It was irrelevant and

harmful, and calculated to lead to a conviction, not for the homicide, but the wrong done to the girl.

2. The fourth instruction for the state was clearly erroneous. It makes mere belief that Webb killed Callahan sufficient to require a verdict of guilty. This instruction has been so pointedly condemned that it only remains for me to call attention to the fact that the case was one of circumstantial evidence, so far as the accused was concerned, creating necessity for the avoidance of the slightest error in instructing the jury. *Burt* v. *State*, 72 Miss., 408; *Brown* v. *State, Ib.*, 95; *Hemphill* v. *State*, 71 *Ib.*, 877.

3. The fifth instruction is as bad or worse than the fourth. It not only told the jury that all the proven facts and circumstances were required to be "considered together, and not separately," but, if, so considered, they could not reasonably be accounted for by any other reasonable hypothesis than the guilt of the accused, it was their duty to convict. Inability to account reasonably for all the facts and circumstances, considered together and not separately, although they may be ever so diverse and isolated, having no connection each with the other, it is here said required a verdict of guilty. The law demands great caution in considering circumstantial evidence, and, to warrant conviction by it, requires the actual exclusion of every other hypothesis than guilt, but this instruction required the facts and circumstances, however multitudinous and variant, to be accounted for reasonably, and by a reasonable hypothesis too, consistently with innocence. What a perversion of the law that throws its shield over the victim of circumstances, and demands the absolute exclusion of every other hypothesis than guilt! *Algheri* v. *State*, 25 Miss., 584; Starkie on Ev., 865, 859; Wills on Cir. Ev., 149.

*Frank Johnston*, attorney-general, for the state.

1. The fourth instruction for the state may not be technically expressed in saying that the evidence of the *alibi* should be

such as to raise a doubt of the defendant's guilt, in that it may be suggestive as to the weight of the evidence. But substantially it is correct, for the defendant could not be convicted if there was a reasonable doubt of his guilt.

The fifth instruction is not accurately expressed, but it is not incorrect to say that all the facts, in a case of circumstantial evidence, should be considered together. The latter clause is not clear. It carries the idea, though, of the exclusion of any reasonable doubt of guilt. Under it, if the circumstances could be reasonably accounted for on any hypothesis other than that of guilt, the jury should acquit. That is the reverse proposition implied. If, on the other hand, there should be no reasonable hypothesis other than guilt, then there could be no acquittal. This is the instruction.

2. The reasonable doubt doctrine is fully explained by the instructions given for the defendant.

3. There is no bill of exceptions in the record, and the court will not reverse for error in instructions in such case. *Covel* v. *Smith*, 68 Miss., 296; *Head* v. *State*, 44 Miss., 731; *Evans* v. *State*, *Ib.*, 212. The court cannot say that the verdict was not fully justified by the evidence. It may have been so plain a case of murder that, no matter what errors occurred in the instructions, the judgment should be affirmed.

*Wiley N. Nash*, attorney-general, for the state.

Since the filing of the brief of my predecessor in office, the evidence adduced on the trial has been brought up by bill of exceptions. It is urged, on behalf of the appellant, that the court below erred in admitting that part of the testimony showing that the accused had seduced the sister of the deceased. This, with the other evidence showing the unfriendly and unusual relations existing between the accused and the deceased, tended to show a motive for the crime, and was admissible for that purpose. *Baalam* v. *State*, 17 Ala., 451; *Noles* v. *State*, 26 *Ib.*, 31; *Overstreet* v. *State*, 46 *Ib.*, 30; *Kelsoe* v. *State*, 47

*Ib.*, 573; *Fraser* v. *State*, 55 Ga., 325. The killing was a foul assassination, and, while the evidence of the defendant's guilt is circumstantial, it is clear and convincing.

Argued orally by *J. A. P. Campbell*, for the appellant, and *Wiley N. Nash*, attorney-general, for the state.

COOPER, C. J., delivered the opinion of the court.

The fourth and fifth instructions for the state should not have been given. By the fourth the court undertook to instruct the jury how to weigh and consider the evidence and as to the quantity of evidence or degree of belief in the minds of the jury from which a verdict of guilty ought to follow, and, in so doing fell into the error of advising the jury to convict if it believed the defendant to be guilty. From the opening sentence of the instruction, though it is obscurely expressed, it would seem that the court proposed to instruct the jury that if, from the testimony in reference to an *alibi* introduced by the defendant, or from all the other testimony in the case, there was a reasonable doubt of the guilt of the accused, he should be acquitted. But as the instruction proceeded the court swung clear away from this rule, and ended by a definite instruction to the jury to convict if "it believed, from all the facts and circumstances proven in the case, that Webb killed Callahan." The court was not, by this instruction, informing the jury what facts, if believed, would justify a verdict of guilty, leaving the quantity of evidence or the degree of belief required by law to be dealt with by other instructions, but, directing the attention of the jury particularly to the subject of the degree of belief required, erroneously instructed that belief, mere belief, as we construe the language, and not belief beyond a reasonable doubt, was all that the law required. This was error. *Brown* v. *The State*, 72 Miss., 95.

The fifth instruction is as follows: "In weighing circumstantial testimony the jury are to consider all the proven facts

and circumstances together, and not separately, and, if the proven facts and circumstances, so considered, cannot reasonably be accounted for by any other reasonable hypothesis than that the accused is guilty of the charge against him, then it is the duty of the jury to say guilty by their verdict."

Precisely what idea was intended to be conveyed by this instruction we have been unable to discover. Surely the court did not intend to tell the jury that unless it could, in the light of the proved facts, reasonably attribute the death of the deceased to the criminal agency of some other person, it was its duty to convict the accused, and yet the suggestion of this purpose lurks in the statement, that unless the circumstances are accounted for—by some one, by the defendant or the jury—the verdict should be that the defendant was guilty.

Now, the law is that the state must prove the guilt of the accused beyond a reasonable doubt, and this whether the evidence on which it relies is direct and positive or circumstantial. Circumstantial evidence may establish the fact of guilt, but so to do it must arise to that degree of certainty as to absolutely and beyond reasonable doubt exclude every other hypothesis than that of guilt. *Algheri* v. *State*, 25 Miss., 584.

The law, in its simplicity, puts before the jury for its consideration the precise, definite and single question: "Is the defendant guilty of the crime charged against him?" and, with equal simplicity, declares that, to warrant a verdict of guilty, the jury, on the evidence submitted for its consideration, must be satisfied of the fact of guilt beyond a reasonable doubt.

By this instruction the court diverted the attention of the jury from a direct consideration of the question committed to it for decision—the guilt or innocence of the accused—by informing it that, if, in the light of the proved facts, the killing could not be reasonably accounted for upon any other hypothesis than that the accused was the guilty agent, he should be convicted. If this were the law, the more mysterious and obscure the crime, the more difficult it would be for one environed

by suspicious but inconclusive circumstances, and who was charged with its perpetration, to defend himself, for the verdict would not depend upon the strength of the evidence against him, but upon the fact that the jury could not satisfactorily account for the crime, he being declared not guilty. Evidence, whether circumstantial or direct, which is insufficient to prove the guilt of the defendant beyond a reasonable doubt does not warrant a verdict of guilty, even though, he being acquitted, the crime cannot " reasonably be accounted for " by attributing it to another.

A majority of the court are fully satisfied that the evidence of the seduction of the sister of the deceased by the defendant, and of the whipping by him of the nephew of deceased, was competent, as tending to show motive on the part of the accused to kill the deceased. In their opinion the promise of the accused to marry the girl if the child, when born, should resemble him, his refusal to do so, his threat to burn the house of the deceased unless the deceased cared for the seduced sister, his impatience at being "watched" by the family when he visited the girl, tended to show the cause and existence of strained relations between the parties, from which a motive to kill might be inferred. They think the case falls within the rule announced in *Story* v. *State*, 68 Miss., 609.

*Reversed and remanded.*