PAUL JEFFRIES v. STATE OF MISSISSIPPI.

1. WITNESSES. *Contradiction. Immaterial matter. Cross-examination.*

    Witnesses may not be contradicted as to their own statements
    touching immaterial matters, and it is inadmissible to ask a
    witness, on cross-examination, if he made a certain statement
    about such a matter.

2. SAME. *Right of jury to disbelieve. Instruction. Homicide.*

    An instruction for the state in a case of homicide is erroneous—
    because of the use of the disjunctive—which informs the jury
    that they may, if they see proper, disregard the evidence of any
    ·witness if they believe from the evidence—
    (*a*) That he has wilfully sworn falsely in reference to a material
    matter; or,
    (*b*) That his testimony is unreasonable; or,
    (*c*) That his testimony is colored or biased on account of relation-
    ship to defendant; or,
    (*d*) If from any reason arising out of the evidence they believe
    his testimony is untrue.

3. SAME.

    An instruction which is tantamount to telling the jury not to be-
    lieve a witness should not be given.

4. CRIMINAL LAW. *Reasonable doubt.*

    An instruction undertaking to define a reasonable doubt which
    reduces it to a mere matter of belief, is fatally erroneous.

FROM the circuit court of Marshall county.

HON. Z. M. STEPHENS, Judge.

Paul Jeffries, the appellant, was indicted for murder.    The
case was once before in the supreme court, and the decision
upon the first appeal is reported.    *Jeffries* v. *State,* 74 Miss.,
675.    Subsequent to the remand of the case to the court below
appellant was, after two mistrials, tried and convicted, the jury
fixing the punishment to be imprisonment in the penitentiary
for life, and he appealed therefrom to the supreme court.    The

facts as developed on the last trial, in so far as concerns the questions decided, are stated in the opinion of the court.

*R. T. Fant,* for appellant.

The state's instruction on the right of a jury to disbelieve a witness is fatally erroneous. It tells the jury that if they believe that the testimony of a witness is unreasonable, or that it is "colored" or "biased" on account of the relationship of the witness to the defendant, or "that the testimony of any witness is untrue," then they may disregard the testimony of such witness altogether. It is not proper to tell the jury that if a witness has sworn falsely, wilfully, that they may disregard the whole of the testimony of the witness; and it certainly is not the law that a jury may disregard *in toto* the testimony of a witness merely because it is "unreasonable," or because it is "colored" or "biased" by reason of relationship, or because it is merely "untrue," as stated in this instruction. A witness may be perfectly truthful, and yet tell an unreasonable story on the stand, and while doing his utmost to tell the truth, he may be unconsciously "biased," or his testimony "colored" because of interest, and his testimony may be "untrue" without his knowledge of the fact.

The error in the instruction is glaring. It loses sight of the fact that there must be intentional false swearing before the principle sought to be invoked has any application. *White* v. *State,* 52 Miss., 216; *Finley* v. *Hunt,* 56 Miss., 221; *Railroad Co.* v. *Hedrick,* 62 Miss., 28.

The giving of this instruction must have been very damaging to the defendant. It was aimed, no doubt, at the sister of defendant, Mrs. Odell, the only eyewitness whose evidence absolutely justified the defendant in the killing of Odell. Under all the circumstances, the trial court might as well have said to the jury, "Do not believe Mrs. Odell," as to have given this instruction.

The instructions undertaking to define a reasonable doubt

are erroneous. *Taylor* v. *State,* 52 Miss., 88; *Brown* v. *State,* 72 Miss., 95; *Hale* v. *State,* 72 Miss., 140; *Burt* v. *State,* 72 Miss., 408; *Brown* v. *State,* 72 Miss., 997.

The court erred in permitting the witness, Mrs. Mauldin, to testify that Mrs. Grace Odell, the witness for the defense, said to her, the night after the difficulty, after getting the Bible: "Here is the chapter that Denton (Odell) read last night, when he prayed so beautifully for Paul (defendant). He wasn't mad with Paul." It threw no light on the issue involved, and could have had only one possible effect, to glorify the character of Odell and arouse the prejudices of the jury against the defendant. What did it matter in this case whether Odell prayed for the defendant, or whether Odell has gone to heaven, or elsewhere? But it was a sweet morsel for the district attorney in his appeals to the jury, and this court can imagine what use he made of it.

*Monroe McClurg,* attorney-general, for appellee.

The instruction for the state on the subject of the jury's right to disbelieve witnesses does not invoke the doctrine of *falsus in uno, falsus in omnibus* absolutely. It follows the rule announced in *White's case,* 52 Miss., 216, and *Finley's case,* 56 Miss., 221, and *Vicksburg, etc., R. R. Co.* v. *Herrick,* 62 Miss., 28, by telling the jury that if they believed from the evidence that any witness had intentionally or wilfully sworn falsely to any material matter, they might disregard the testimony of such witness if they saw proper to do so.

The purpose of the instruction, as clearly stated in its face, was to inform the jury of such matters as they might lawfully take into consideration in determining how much weight they should attach to the testimony of any witness; that if for any reason arising out of the evidence, either because of color or bias on account of relationship, or otherwise, they should believe the testimony untrue, then they might—not should, or will —disregard such testimony if they saw proper to do so.

It cannot be justly said that this instruction was aimed at Mrs. Grace Odell. The great complaint on the trial was that all of the witnesses for the state were related to the dead man, and it applied to them with equal force and in much larger numbers. The attention of the jury was not called to any fact or particular part of the evidence. In view of the full and liberal instructions granted appellant, and especially in view of the overwhelming proof of bad feeling entertained by him toward the deceased, his numerous threats and more numerous confessions, no harm can possibly come to him from the granting of the third instruction.

The instruction on the subject of reasonable doubt is in conformity to the approved instruction on that question announced in *Taylor's case*, 52 Miss., 88, and is in accord with the four decisions cited from 72 Miss.: *Brown's case*, 95; *Hale's case*, 140; *Burt's case*, 408; and *Brown's case*, 997.

The rulings of the court on the evidence, and the full and faultless instructions granted, left the proposition one of very few facts for the determination of the jury. The issue was, upon the greatest abundance of testimony, resolved against the appellant, and, it is respectfully submitted, should be affirmed.

CALHOON, J., delivered the opinion of the court.

Appellant was convicted on a charge of the murder of Denton W. Odell. On the trial, Mrs. Grace Odell, the widow of the slain man and the sister of the slayer, was a witness for the defendant. She and two negro women were the only witnesses at the actual scene of the conflict, which resulted in the death of Odell and the almost fatal wounding of Jeffries. On cross-examination by the state's attorney she was asked whether, in a conversation with Mrs. Josie Mauldin the day after the killing, she had not, after picking up a Bible and opening it, said: "Here is the chapter Denton read last night, and prayed beautifully for Paul." The court allowed this question over objection, which ruling was clearly erroneous, and

afterwards allowed Mrs. Mauldin to contradict her, and this ruling was error. *Williams* v. *State,* 73 Miss., 830, and the authorities there cited.

Under all the facts in this case, which we do not stop now to recite, this error is of itself fatal, and was incurable. It gave to the state a tremendous leverage in the mind of the average juror on a matter absolutely immaterial. This evidence was confessedly incompetent as original testimony to show guilt, and witnesses may not be contradicted as to their own statements on matters immaterial.

The court granted the third instruction asked by the state, which charged the jury that "if they believe from the evidence that any witness has wilfully sworn falsely to any material matter in this case, or that the testimony of such witness is unreasonable, or that the testimony of any witness is colored or biased on account of relationship of the witness to the defendant, or if from any reason arising out of the evidence they may believe the testimony of any witness is untrue, then they may disregard the whole testimony of such witness, if they see proper to do so." It was error to give this charge. The disjunctives make it erroneous. *Finley* v. *Hunt,* 56 Miss., 221; *Railroad Co.* v. *Herrick,* 62 Miss., 28. It was manifestly aimed at Mrs. Odell, and was, under the facts of this case, tantamount to telling the jury to disbelieve her.

The sixth instruction asked by the state, and given, is erroneous. It charges the jury that "while it is true they are not authorized to convict unless from all the evidence they believe beyond every reasonable doubt that Jeffries is guilty, still this does not mean that they must know he is guilty, for mathematical certainty is not required in any case, but if they, from a full and fair comparison of all the evidence in the case, believe he is guilty, then this is sufficient, and you should convict him."

The last clause in this charge is put as the conclusion from an attempted definition of reasonable doubt, and reduces it to

a mere matter of belief, and is fatal error, and such error as is not susceptible of cure, from the very fact that it is given as the result of reasoning on what is a reasonable doubt. *Brown* v. *State,* 72 Miss., 95; *Burt* v. *State,* 72 Miss., 410; *Webb* v. *State,* 73 Miss., 456-460; *Lipscomb* v. *State,* 75 Miss., 560-577; *Powers* v. *State,* 74 Miss., 779.

*Reversed and remanded.*