WALTER COOPER v. STATE OF MISSISSIPPI.

[49 South. 178.]

CRIMINAL LAW AND PROCEDURE. *Witnesses. Impeachment. Contradiction. Immaterial matter.*

> A witness cannot be contradicted upon an immaterial and collateral matter.

FROM the Circuit Court of Webster County.

HON. GEORGE McLEAN, Judge.

Cooper, appellant, was indicted and tried for the murder of one Hightower; convicted, sentenced to the penitentiary for life, and appealed to the supreme court.

The opinion of the court states the facts.

*Gould & McKeigney,* for appellant.

It was a manifestly reversible error to permit Riley Cooper, father of and a most important witness for appellant, to be cross-examined as shown in the record. The witness had denied making the statement about which he was interrogated, and thereupon the state was permitted in rebuttal, over appellant's objections, to prove by a witness, Harrison, that Riley Cooper had made the statement in question. The testimony was incompetent, and its only effect was the attempting to impeach a most important witness for appellant, and to impeach him upon a matter entirely immaterial to the great issue of innocence or guilt of appellant involved. *Williams v. State,* 73 Miss. 320, 19 South. 826; *Dunk v. State,* 76 Miss. 515, 25 South. 363; *Davis v. State,* 37 South. 1018; *Bell v. State,* 38 South. 796.

Although the appellant had, through the testimony of the eyewitnesses of the difficulty, proved his innocence of the crime charged, he was made to assume the burden of disproving a statement placed before the jury through incompetent testimony. The statement was not anything which appellant himself said,

but it was what another witness testifying for him, is alleged, by a third witness, to have said, it will be noted that the witness for appellant, Riley Cooper, denied the statement, and the state was allowed to place upon the witness-stand its witness, Harrison, to show, not what appellant said, but what Riley Cooper had said beyond the hearing of appellant and in appellant's absence.

If a trial court can permit a witness to be impeached upon collateral and immaterial matters, a cloud or suspicion is cast upon the testimony of such witness which cannot be sanctioned by law in criminal cases, since the weight of the testimony of such witness is thereby lessened in an improper and illegal matter. As stated by the court in *Simms v. Forbes,* 86 Miss. 412, 32 South. 546, "the rule against hearsay would be of but little value if it could be evaded by the transparent device of introducing it in contradiction of the adversary's witness upon collateral matters. Unless a party has the right to offer a conversation or statement directly, he cannot get it before the jury merely by way of contradicting a witness on matters brought out in cross examination."

*Daniel & Adams* on the same side.

It was error for the state to impeach the witness, Riley Cooper, by attempting to show that such witness made certain immaterial statements, after the witness had denied on cross-examination that he made such statement. This was a trial, not of Riley Cooper, the witness, but was a trial of the son, Walter Cooper, upon a capital charge. Every right of the appellant should have been carefully preserved by the court. The statement about which the witness was interrogated, was immaterial, collateral to the issue. The cases of *Williams v. State,* 73 Miss. 820, 19 South. 326, and *Bell v. State,* 33 South. 796, and other cases cited thereunder, show the error of the court below in respect to this. When we consider the fact that the witness, Riley Cooper, was, with the exception of appellant, the only eye witness to the whole difficulty, and that he was the principal and

most material witness for appellant on the trial, and that he was also the father of appellant, it is evident how much weight the jury would naturally give to the testimony of such witness. If then his credibility was illegally attacked, the injury to appellant was most serious and, under the circumstances, the judgment · must be reversed and the cause remanded. *Garner v. State,* 76 Miss. 515, 25 South. 363.

*George Butler,* assistant attorney general, for appellee:

We are aware of the decisions of this court cited by learned counsel for appellant, and we recognize their correctness. But inasmuch as the whole record, including the testimony of the witness, Riley Cooper, showed that appellant was most certainly guilty of a brutal and cold-blooded murder, the action of the district attorney in attempting to impeach such witness in the method shown should not make the judgment reversible. If the case were a very close one upon the facts a reversal might be advisable.

Argued orally by *L. M. Adams,* for appellant, and by *George Butler,* assistant attorney-general for appellee.

FLETCHER, J., delivered the opinion of the court.

The prinmipal witness testifying on behalf of the appellant was Riley Cooper, the defendant's father. On his cross-examination the state was permitted to ask him the following question: "Going back to what I asked you about George Harrison, I want to change that and ask you this: Didn't George Harrison come down in your field before the killing occurred on Tuesday, and ask you if you had heard about the mess Walter Cooper had been telling about Sam Hightower's wife, and didn't you tell him, 'Yes,' you had heard it, and didn't he say then that he wanted his name taken out of it, that he was going to see Walter Cooper and get him to take his name out of it, and he didn't want Walter Cooper to be coming on his premises with his shot-

gun. Then didn't you say to him that he hadn't better say anything to Walter Cooper about it, that he (Walter) would kill him and the Hightowers, too, that he was already pretty mad about this thing, and any man that would tell another man what Walter had told Sam Hightower, he would kill any man?" The witness denied having made these statements, and thereupon the state was permitted in rebuttal, over the earnest objection of appellant, to prove by George Harrison that this conversation had taken place. It is perfectly obvious that this testimony was incompetent, since its only effect was to impeach the defendant's most important witness upon a matter which was entirely immaterial and collateral. Nothing is better settled than that such an impeachment is improper. *Williams v. State,* 73 Miss. 820, 19 South. 826; *Garner v. State,* 76 Miss. 515, 25 South. 363; *Bell v. State* (Miss.), 38 South. 796.

It is insisted on behalf of the state, however, that in spite of this error the case should be affirmed, because appellant is overwhelmingly shown to be guilty of murder. We think the case sufficiently close on the facts to make it important that a grave error of law, such as we have indicated, should not be disregarded by this court. We are not to be understood as expressing any opinion upon the value of the testimony; but we are not satisfied that appellant's guilt has been demonstrated with such overwhelming clearness as to warrant us in disregarding an error which runs counter to a well-settled principle of law.

*Reversed and remanded.*