MISSISSIPPI CENTRAL RAILROAD COMPANY v. ROBERT DACUS.

[53 South. 351, 398.]

1. WITNESSES. *Impeachment. Immaterial issues. Material issues.*
   While a litigant may not contradict the testimony of his adversaries' witness upon an immaterial issue, drawn out on cross-examination, he may do so where the testimony was upon a material issue.

2. EVIDENCE. *Objections. Must be specific. Statement only part admissible.*

   An objection to testimony, part of which is admissible and part inadmissible, may be overruled, since specific objection must be made to the inadmissible part.

3. RAILROADS. *Case.*

   Where, on the issue whether a conductor kicked plaintiff off his train, a flagman on direct examination testified that he called the conductor's attention to plaintiff's presence on the rear of the train and saw plaintiff get off, and on cross-examination denied having stated in the presence of a third person that the conductor kicked plaintiff off the train and that plaintiff had a good cause of action, the testimony of the third person was admissible to contradict that of the flagman on a material issue.

FROM the circuit court of Forrest county.

HON. WILLIAM H. COOK, Judge.

Dacus, appellee, was plaintiff in the court below; the railroad company, appellant, was defendant there. From a judgment for $500 in favor of plaintiff, defendant appealed to the supreme court.

The declaration alleged that while plaintiff was in the suburbs of Hattiesburg he made request of the conductor of one of appellant's passing passenger trains for permission to ride to the depot in the city; that, understanding the conductor had given him permission, he mounted the platform of one of the cars,

whereupon the conductor wilfully and wantonly cursed him and kicked him off of the moving train, as a result of which the plaintiff was severely injured. The evidence for the plaintiff proved the allegations of his declaration. The conductor, as a witness for defendant denied that he kicked the plaintiff off of the train; his testimony being to the effect that the plaintiff, without permission, had climbed upon the steps of one of the passenger cars when the train slackened speed at a railroad crossing, that he made him get off, but without violence or without touching him; that the plaintiff then caught another car nearer the end of the train, and the witness again, without violence, made the plaintiff get off, and he did not know that plaintiff was hurt until some time later. During the trial a flagman of the train, on direct examination as a witness for defendant, testified that he called the conductor's attention to the presence of plaintiff on the train, and that he saw plaintiff voluntarily get off of the train. On his cross-examination by counsel for the plaintiff the flagman denied having stated in the presence of a third person that the conductor kicked the plaintiff off of the train and that plaintiff "had a good case against them," meaning the railroad company. The opinion of the court more fully states the facts of the case.

*Jeff Truly,* for appellant.

Appellant was entitled to a peremptory instruction. Conceding the facts to be as testified to by appellee, it is apparent that he was on the train without the consent of the railroad company, but by permission of one of its employes given in violation of the rules of the railroad. This being true, it cannot be legally held that a railroad company is responsible for the action of its employes dealing with third parties, both of whom are knowingly violating the rules of the railroad, especially when it is known that the railroad company had no relation of any kind with third persons. It is not conceded that the appellee in this

case was a passenger, nor that he was on the train by the license or permission of the railroad company. His own testimony is that he was there by an implied permission given by one of the railroad company's employes who had no such power or authority; hence, the railroad company was not responsible for what might have occurred between the employe who had violated its rules and the third person who was participating in such violation.

It was error in the court below to permit the witness Eure to testify regarding his recollection of a conversation alleged to have occurred between one of the attorneys for the appellee and Dunn, a witness for appellant. The introduction of this testimony destroyed at once and inevitably the only chance that appellant might have had of obtaining a fair and impartial trial. As the incident testified to by Eure is alleged to have occurred on a railroad train, it necessarily follows that the only witnesses that could be procured were appellant's own servants. It further appears that the witness Dunn was the only man who was in such position that he could clearly see and identify appellee as the negro who had jumped on the moving train, and when once warned off, had boarded it again in spite of the refusal of the conductor to allow him to board it. It was on Dunn's testimony that the appellant was compelled to rely for its most positive and direct proof. The witness Dunn had been in some kind of trouble before the police court of Hattiesburg. He had been taken by a friend to invoke the assistance of one of the attorneys for this appellee in order to establish his innocence of the offense charged, which as the proof shows, he afterwards did. There, under these circumstances, in the office of the attorney whose good services he was endeavoring to procure, this alleged conversation arose. It must be remembered that the witness Dunn positively denied that he used any of the language attributed to him by this witness Eure. Notwithstanding that,

the witness Eure was permitted to state, over the repeated protest of appellant, that Dunn had stated in that conversation when the attorney mentioned the suit against the appellant railroad company, that it was Booker, the conductor, who kicked him off and that in the opinion of Dunn, the attorney had a good case against this railroad company. I quote from the record: "I think Johnson first said that he had a suit against the Mississippi Central Railroad Company about a negro being kicked off the train somewhere, and Dunn spoke up and said it was Booker who kicked the negro off the train, and that the negro had a good case against them." This was all denied by Dunn; the entire conversation was denied; and yet the witness Eure was permitted to impeach him about this immaterial and collateral matter. The question of the impeachment of witnesses upon collateral matters had been so thoroughly and repeatedly dealt with by this court, that it would seem that the rule should now be accurately and generally understood. *Williams v. State,* 73 Miss. 820; *Tucker v. Donald,* 60 Miss. 460; *Williams v. State,* 73 Miss. 820; *Garner v. State,* 76 Miss. 515, 25 South. 363; *Cooper v. State,* 94 Miss. 480, 49 South. 178.

The language attributed to Dunn, although denied by him is, "That was Booker that kicked him off. I think you have a pretty good case against them." We earnestly and confidently submit that under no rule of evidence was it correct to permit this statement to go to the jury. It does not stand the test laid down by Greenleaf and Wigmore, and announced by this court in the *Williams case, supra.* The utmost extent to which the rule could have been stretched after the denial of Dunn of the conversation, would have been the statement that "That was Booker that kicked him off." This would have been perhaps held admissible as being a contradictory statement upon a material matter, but the poison was in the end of the statement. The last sentence of the statement certainly was not admissible. If

Dunn had been a witness for appellee, would he then have been, permitted to state to the jury: "I think you have a pretty good case against them?" The question answers itself in the negative. See Wigmore on Evidence, §§ 1017, 1023.

*Paul B. Johnson* and *Hall & Street,* for appellee.

The jury found from the evidence that appellee, Dacus, boarded the train on the morning in question with the permission and consent of the conductor in charge of the train, the person who had authority to give such consent and permit appellee to board the train. This was testified to by appellee and the jury accepted it as true.

There was no error in the admission of the testimony of the witness, Eure, who contradicted the testimony of the witness, Dunn, as to the conversation which took place in the office of one of the attorneys of appellee between Dunn and the attorney. Accepting the testimony of Eure as true, Dunn had made the statement to the attorney that Booker, the conductor had kicked appellee off the train. On the trial of the case the testimony of Dunn was altogether contradictory to his former statement. and he positively denied having made such a statement. Certainly, it was competent to show by the witness, Eure, that he did make such a statement. This was not impeaching the witness on a collateral and immaterial matter, but on the contrary it was contradicting the witness on a most material point, and proving a statement made by him which was of most essential importance in the case, namely, that the conductor, Booker, had kicked appellee off the train.

The testimony of appellee shows that he was on the train by the consent, or the implied consent, of the conductor; that notwithstanding this, he was attacked by the conductor, without cause or provocation, and wilfully, wantonly and brutally kicked from the moving train, and as a result, severely injured.

The judgment was affirmed by the supreme court without delivering a written opinion. Whereupon *Jeff Truly,* for appellant, filed a suggestion of error.

ANDERSON, J., delivered the opinion of the court in response to the suggestion of error.

This case was affirmed, without a written opinion, because in the judgment of the court the principles of law involved were settled by decisions of this court not difficult of application to the facts, and therefore such opinion would be without benefit to the bench and bar. After a most careful reconsideration of the case we find no ground for reversal, and out of deference to counsel's ability and evident confidence in the correctness of his position we now undertake to set down the reasoning by which we reach this conclusion. Dunn, a flagman on the train on which the injury occurred and a witness for appellant, testified that he called the conductor's attention to the fact that appellee was on the rear of the train; that later he saw him get off, and the conductor did not kick him off. On cross-examination, witness denied he had stated to appellee's attorney, in the presence of Cecil Eure, that the conductor, Booker, kicked appellee off of the train, and he had a good case against the company. Eure testified in rebuttal for appellee as follows, to which testimony appellant's attorney objected, on which objection the court ruled, and exception thereto taken, as hereinbefore set out: "Q. Will you please tell the jury what Mr. Dunn said in answer to any questions that I asked him about Mr. Booker kicking this man Dacus off the train at that particular time? (Defendant's Attorney: I object; it is an attempt to impeach the witness about an immaterial matter. By the Court: Overruled. Defendant's Attorney: Exception.) A. You want me to tell the whole thing? Q. Yes, sir. A. I believe the question was asked me what was said in the office. Well, we were

first talking about getting Mr. Dunn relieved from— I think Mr. Johnson [defendant's attorney] first said that he had a suit against the Mississippi Central Railroad Company about a negro being kicked off of the train somewhere, and Mr. Dunn spoke up and said, 'That was Booker that kicked him off, and' he says, 'I think you have a pretty good case against them.' Q. That was at the time Mr. Dunn came to my office, when a Mr. Walter Merritt wanted to enlist my services in getting him reinstated with the railroad? A. Yes, sir. (Defendant's Attorney: The defendant moves the court to exclude that testimony, because it is an attempt to impeach the witness by offering contradictory statements involving the defendant itself, as decided in the case of *Williams v. State,* 72 Miss. 117, 16 South. 296. By the Court: Overruled. Defendant's Attorney: Exception.)"

It is insisted that the testimony of Eure was very damaging to appellant's case, and is condemned by *Tucker v. Donald,* 60 Miss. 460, 45 Am. Rep. 416; *Williams v. State,* 73 Miss. 820, 19 South. 826; *Garner v. State,* 76 Miss. 515, 25 South. 363, and *Cooper v. State,* 94 Miss. 480, 49 South. 178, because its effect was to contradict the witness on a collateral issue. This court did hold in the cases referred to, and now reaffirms the principle, that testimony on behalf of one party to contradict testimony of witnesses for the adversary, drawn out on cross-examination, on collateral and immaterial issues, is not admissible. Is the testimony of Eure on an immaterial and collateral issue? Our judgment is that it is not. The issue of fact before the jury was whether the conductor kicked appellee off of the train. That was the main fact appellee relied on for recovery. In making the further statement, "I think you have a pretty good case against them," it is evident, from the connection in which it was made, the speaker only intended to convey the idea in another form that appellee did not get off, but

was kicked off of the train.   Such a statement, taken alone, would be wholly immaterial, but not so here, where the plain purpose was to emphasize a fact already stated, and not to express an opinion as to the merits of the case generally.

However, conceding, for the sake of the argument, that the language, "I think you have a pretty good case against them," was immaterial, and therefore not the subject of contradiction, still the court committed no error, because the objection made was to the whole statement of the witness, part of which clearly bore directly on the issue.   Specific objection should have been made to that part of the testimony, so as to give the court an opportunity to rule on it separately.   *Lipscomb v. State,* 75 Miss. 559, 23 South. 210, 230; *Brown v. State,* 72 Miss. 95, 16 South. 202.

<em>Suggestion of error overruled.</em>