### ELBERT GABLES *v*. STATE.

[54 South. 833.]

1. CRIMINAL LAW. *Witnesses. Impeachment. Contradictory statements. Instructions.*

Where a witness for the state testified that he saw the accused commit the offense charged and denied on cross-examination that he had told another that whoever said witness knew who committed the offense falsified, it was error not to allow accused to show that witness had so stated, although witness admitted saying that he did not know anything about the offense.

2. INSTRUCTIONS. *Credibility of witness.*

An instruction for the state is erroneous which charges the jury that "They are the sole judges of the evidence in the case and may believe one witness and disbelieve another on the ground of relationship of the witness to the defendant, or for any other reason satisfactory to the jury.

APPEAL from the circuit court of Calhoun county.
HON. W. A. ROANE, Judge.

Elbert Gables was convicted of malicious mischief and appeals.

The facts are fully stated in the opinion of the court.

*Dunn & Patterson,* for appellant.

The question as to whether Hollis saw Gables break the windows being the issue before the jury, it will be conceded, we think, that any evidence that tended to weaken the testimony of the witness Hollis was all important to the defendant and if it could be shown by any witness that the defendant had made statements out of court contrary to what he states in court, the court should have permitted it to have gone to the jury as affecting the credibility of the state witnesses.

In other words, that the witness Hollis should not have been permitted to have escaped impeachment by merely admitting that he had made a part of the statement about which he was interrogated.

The court would not even permit the counsel to state in the record what he expected to show by the witness, Gay Hawkins, that the defendant had made the statement as laid in the predicate, but sustained an objection and ended the matter right there.

Of course it was error in the court to refuse the defendant the right to show by his witness that the witness Hollis had made the statement. A juror or a jury might accept the statement of a man who had made a statement that he did not know anything about a matter and then explain that he did not think it was any concern of the man who was asking him, and afterwards testifying that he did know about it, but it would take a rather credulous jury to believe a man who said that he did not know anything about the matter, and then to be so indignant that it had been reported that he had made the statement that he would denounce the man who said it as a liar. Yet, in this case, the defendant was not permitted, though he had laid the proper predicate in the

interrogation of the witness, to show that the defendant had denounced whoever said that he had made the statement, as a liar. In other words, the defendant lost the force of the entire statement as would have been shown by his impeaching witness.

"The court charges the jury for the state that they are the sole judges of the evidence in this case and the jury may believe one witness and disbelieve any other witness on the ground of relationship of the witness to the defendant, or for any other reason satisfactory to the jury."

This was certainly tantamount to telling the jury to disbelieve the witness Neal because he was related to the defendant. Or, if in spite of that admonition of the court, the jury still persisted in believing the witness Neal, the court further told the jury in another clause of the same instruction "or for any other reason satisfactory to the jury." This charge in effect tells the jury that even though they believe what Neal said was true they might disbelieve and disregard his testimony merely because he was related to the defendant. The court further tells the jury in that charge, that they may disregard the testimony of the witness "for any other reason satisfactory to the jury," that is whether the reason arises out of the evidence or not; as has recently been said by this court this is not the law, never has been, and it is to be hoped never will be. *McEwen* v. *State,* 16 So. Rep. 242; *Riley* v. *State,* 75 Miss. 352; *Jeffries* v. *State,* 77 Miss. 757.

*Jas. R. McDowell,* assistant attorney-general, for appellee.

The first assignment of error which is argued is that defendant was not permitted to contradict state's witness Hollis' by the testimony of Gay Hawkins about a matter which Hollis had himself admitted that he had made a statement contradictory to that made by him as

a witness on the stand. The authorities are divided on this proposition, some holding that a witness cannot be impeached on such matter, others holding that even though the witness admits having made a contradictory statement yet an impeaching witness may be introduced not so much to show that the witness had previously made a contradictory statement as for the purpose of contradicting a statement made by him on the stand. Yet, even though it should be error to have refused to admit the testimony of Gay Hawkins as an impeaching witness, still it is not a reversible error. There seems to be no division on this proposition. Neither would it have been reversible error, if error at all, had this testimony been allowed to go to the jury. It seems to be a matter of judicial discretion.

I take the liberty of quoting to the court from vol. 7, Encl. Evidence, pages 73 and 74: ''Where the assailed witness on cross-examination admits having made the variant statement it is likewise proper, in some jurisdictions, to prove such statement by other evidence, although the refusal to permit such proof seems to be harmless error, if indeed error at all. Yet the mere fact that the explanation given by the witness of his admittedly variant statements is satisfactory to the trial judge is in itself no sufficient ground for excluding proof of the variant statements.

''In other jurisdictions, however, such statements cannot be proved by other evidence where the witness admits having made them although the admission of such proof is in Missouri and Wisconsin said to be harmless error.''

The next assignment of error is more serious. Instruction No. 2 given for the state, in my judgment is too broad and should not have been given in the light of our decisions. Courts and prosecuting attorneys should be more careful of the rights of persons on trial and not seek to instruct defendant's witnesses out of

court. It is worthy of note that the trial judge who prosecuted in the instant case was the prosecuting attorney whose instructions were condemned in every one of the cases cited by counsel for appellant. I do not think that this instruction could be seriously objected to on the ground that it singles out the witness, see: *Norwood* v. *Andrews,* 71 Miss. 641; *Cheatham* v. *State,* 67 Miss. 335; *Thompson* v. *State,* 73 Miss. 584.

I also invite the court to a reading of the 11th Encl. Pl. and Prac., pages 315, *et seq.*; and also Blashfield's Instructions to Juries, vol. 1, sections 225 and 230.

ANDERSON, J., delivered the opinion of the court.

The appellant was convicted of the crime of malicious mischief, and appeals to this court.

The only eyewitness to the alleged crime, who testified for the state, was one Hollis, who stated that he was in the cemetery about one hundred and fifty yards from New Liberty Church, when he saw the appellant, who was accompanied by the state's witness, his cousin, Tom Lee Neal, break out the windows of the church with a stick; Neal protesting against his doing it. The appellant and Neal both denied that appellant broke out the windows of the church. On cross-examination, the state's witness Hollis testified as follows: "Q. Now, you know Gay Hawkins, don't you? A. Yes, sir. Q. You and Gay were over at Mt. Hermon Church on Sunday after this happened—together over there? A. Yes, sir. Q. On that day, down at the spring, when you and Gay Hawkins were present, when just you and Gay Hawkins were present down at the spring, didn't you say to Gay down there, in discussing this matter, that somebody said you knew who did it, and whoever said that was a liar—that you didn't know anything about it? Didn't you say that to Gay? A. No, sir; I told him I didn't know anything about it." On redirect examination by the district attorney, he testified: "Q. Why did you tell

that? A. I wasn't under any obligation to tell him anything about it.''

Appellant offered to prove by Gay Hawkins, in rebuttal, the truth of the predicate thus laid for the impeachment of the state's witness Hollis, which the court refused to permit, on the ground that Hollis admitted substantially what was sought to be proven to impeach him. The record, however, does not bear out this theory. Hollis admitted that he told Hawkins he did not know anything about the appellant breaking out the windows of the church, but denied that he told him some one had said that he (Hollis) knew who did it, but that he knew nothing about it, and whoever said he did was a liar. Had Hawkins been permitted to testify as to the truth of the entire predicate as laid—that part admitted by the witness, as well as that denied—it might have had a material bearing with the jury as to Hollis' credibility. It was error for the court not to permit this to be done.

The giving of the following instruction for the state is assigned as error, viz.: ''The court charges the jury, for the state, that they are the sole judges of the evidence in this case, and the jury may believe one witness, and disbelieve any other witness, on the ground of relationship of the witness to the defendant, or for any other reason satisfactory to the jury.'' This instruction is clearly erroneous. By it the jury were authorized, regardless of the evidence of his credibility, to refuse to believe any witness, on the ground alone of his relationship to the appellant. And they were informed, further, by this instruction, that they could disbelieve any witness ''for any other reason satisfactory to the jury.'' As said by the court in *Riley* v. *State,* 75 Miss. 352, 22 South. 890: ''This is not the law, never has been, and, it is to be hoped, never will be.'' *McEwen* v. *State,* 16 South. 242; *Riley* v. *State,* 75 Miss. 352, 22 South. 890; *Jeffries* v. *State,* 77 Miss. 757, 28 South. 948.

*Reversed and remanded.*