H. J. FINLEY *v.* THOMAS A. HUNT, SHERIFF, ETC.

PRACTICE.  *Falsus in uno, falsus in omnibus.*

It is error for a court to instruct the jury that if they believe from the evidence that a witness has testified falsely in one material matter, then he is not to be credited in his testimony as to other matters. The maxim, *Falsus in uno, falsus in omnibus*, is not a conclusive presumption of law, but only an advisory suggestion to the jury, which warns them to receive such testimony with caution, and warrants them in rejecting it altogether. It puts such testimony upon the same footing as that of an accomplice, which is to be viewed with suspicion, but, if credited by the jury, will support a verdict.

ERROR to the Circuit Court of Tippah County.
Hon. J. W. C. WATSON, Judge.

This was an action of replevin by H. J. Finley against Thomas. A. Hunt, sheriff of Tippah County. Y. N. Finley testified as a witness for the plaintiff below. The third instruction given for the defendant was as follows : " If the jury believe from the testimony that H. J. Finley, or Y. N. Finley, or both, falsely testified as to any material matter, then he, or they, are not entitled to credit as to any other matter to which they may have testified." The verdict was for the defendant, and to the judgment thereon the plaintiff sued out a writ of error.

*John W. T. Falkner*, for the plaintiff in error.

The third instruction for the defendant below was erroneous. The jury are the judges of the credibility of witnesses, and if a witness testifies falsely as to any material fact, they *may discredit* him altogether, or *may credit* other portions of his testimony, if they think proper to do so. 1 Stark. on Ev. 520. This instruction left the jury no discretion in such a case.

*M. Green*, on the same side.

The third instruction for the defendant was in violation of sect. 643 of the Code.

*Harris & George*, for the defendant in error.

The third instruction for the defendant is abstractly correct. It does not charge the jury that a witness who has wilfully stated falsely in a material point shall not be believed in any particular, but only that he has no title or claim to be credited as a fair witness.

CHALMERS, J., delivered the opinion of the court.

The testimony was conflicting, and would, perhaps, have supported a verdict for either party.

The third instruction given for defendant was erroneous. By it the jury were informed that if they believed that plaintiff, or his principal witness, " had falsely testified as to any material matter, that then they are not entitled to credit as to any other matter as to which they may have testified." This charge makes the maxim, *Falsus in uno, falsus in omnibus*,

operate as a conclusive presumption of law, whereas it is only an advisory suggestion to the jury, which warns them to receive such testimony as to other matters with caution, and warrants them in rejecting it altogether. In short, it places such testimony upon the same footing as that of an accomplice, which is to be viewed with suspicion, but yet is to be considered by the jury, and, if credited by them, will support a verdict. 1 Greenl. on Ev. (13th ed.), sect. 461, note 2.

Judgment reversed, and new trial awarded.