## YAZOO & MISSISSIPPI VALLEY RAILROAD CO. *v.* ABEL P. WRIGHT.

1. **RAILROADS.** *Live stock on track. Reasonable care. Instruction.*

   In a suit against a railroad company for killing live stock on its track, it is erroneous to instruct the jury that the company is liable unless the injury was unavoidable, since the exercise of reasonable care to avoid the injury will exonerate the company.

2. **SAME.** *Cattle on side of track.*

   A railroad engineer need not stop or check the speed of the train because live stock are seen on the side of the track, nor is it always his duty in such case to blow the whistle.

FROM the circuit court of Washington county.

HON. FRANK A. MONTGOMERY, Judge.

Wright, the appellee, was the plaintiff in the court below; the railroad company, appellant, was defendant there. The

plaintiff obtained judgment in the court below, and defendant appealed to the supreme court. The facts are stated in the opinion of the court.

*Mayes & Harris,* for appellant.

It has been settled by this court beyond any sort of controversy that it is not the duty of those operating a train to stop it or to check its speed for animals seen grazing on the side of the track, unless something indicates that the animals will go on the track. *Railroad Co.* v. *Whittington,* 74 Miss., 410; *Railroad Co.* v. *Brumfield,* 64 Miss., 637; *Railroad Co.* v. *Thornton,* 65 Miss., 256.

Defendant asked a peremptory instruction, and it was refused. It should have been given. There is no need for the indulgence of any presumptions of negligence in this case, because the facts are before the court, and the plaintiff's own witness has testified, in direct examination, that it was absolutely impossible for the engineer to stop the train, and on cross-examination he shows that these animals, were on the side of the track, grazing, thirty or forty feet from the track, and they were running down the track, parallel with the track. The engineer says he did not see them until they ran up on the track almost immediately in front of the engine, and that, at the rate of speed at which he was going, it was impossible to stop the train.

But if we are mistaken in the foregoing, this suit must certainly be reversed for the error of the court in giving the instructions asked for the plaintiff. There is certainly no law in this state to support such an instruction. The jury is instructed to find for the plaintiff, unless they believe from the evidence that the collision with the mules was unavoidable. It is hardly necessary for us to cite authorities to this court to the point that all that is required of a railroad company in regard to stock on the track is to exercise ordinary care to avoid injury. To hold that the company is liable unless the injury is

unavoidable, would be to require a degree of care which is not imposed upon the company even in the case of passengers. The statute in reference to injuries inflicted by the running of trains only requires reasonable care.

No counsel appeared for the appellee.

Argued orally by *J. B. Harris*, for the appellant.

CALHOON, J., delivered the opinion of the court.

Wright sued for damages for the killing of two mules. Only two witnesses testified in the case. Miller, the witness for the plaintiff, says that he saw the mules grazing on the right of way, on the side of the track; that the engineer could not have possibly checked the train in time to avoid the killing; and that he did not sound the alarm. This witness saw the mules grazing thirty or forty feet from the track. Then they ran down the side of the track, and he did not see either one of them when struck by the engine; but the engineer could have seen them for 600 or 700 yards, as they grazed, the road being straight and down grade. The engineer testified that his engine was properly equipped, that the mules jumped on the track just in front of his engine, and that it was impossible to prevent the collision.

The court refused a peremptory instruction for defendant, and granted an instruction for plaintiff—that the jury should find for him unless the killing was unavoidable. We do not decide as to the propriety of the peremptory instruction, because we need not. To hold the company liable unless the injury was unavoidable is not sustained by reason or authority. Surely a train load of human beings need not be jeopardized to avoid killing a mule. Only reasonable care is required. in such cases; that is, such care as a discreet man would exercise to avoid injury. · *Railroad Co.* v. *Field*, 46 Miss., 573. See cases cited in Brame & A. Dig. p. 984, cl. 109. An engineer

need not stop his train or check his speed because animals appear on the side of the track, and, under such circumstances, to blow his whistle will often cause the very disaster sought to be avoided. Certainly in this case there is nothing to show that prudence dictated that alarm. See the cases cited in Brame & A. Dig., p. 984, cl. 110.

*Reversed and remanded.*