MISSISSIPPI CENTRAL R. Co. *v.* A. T. ·MORRISON.

[65 South. 275.]

1. RAILROAD. *Injuries to animals on or near tracks. Actions. Ques-
tions for jury. Care required.*
Where in a suit against a railroad company for the killing of stock
by its running train, the evidence showed that the train was
properly equipped with all .necessary appliances for safe use,
was under control and that the engineer was on the lookout and
as soon as he saw or could have seen the stock on the track
did all he could by whistling and putting on the break to prevent
the killing, but the same was unavoidable, a peremptory in-
struction for the defendant should have been given.

2. RAILROADS. *Injuries to animals on the track. Care required.*
A railroad company, in operating its trains, is only required to
use reasonable care to prevent injury to animals on its tracks,
such care as a discreet man would exercise, to avoid injury.

APPEAL from the circuit court of Lamar county.

HON. A. E. WEATHERSBY, Judge.

Suit by A. T. Morris against the Mississippi Central
Railroad Company. From a judgment for plaintiff, de-
fendant appeals.

· The facts are fully stated in the opinion of the court.

*H. S. Buescher,* for appellant.

The only conclusion that this court can reach, after a careful inspection of all the testimony in this case, is that this was an accident which could not have been avoided by the exercise of reasonable care on the part of the employees of the railroad company, and that, therefore, the verdict should have been in its favor. *M. & O.* v. *Holliday,* 79 Miss. 279, 30 So. 820.

*Currie & Currie,* for appellees.

We cite the case of *Mobile & G. R. Co.* v. *Cadwell,* 3 So. 445. Proof of the fact of the injury and that it was inflicted by a moving train belonging to the defendant, makes out a *prima facie* case for the plaintiff; and the *onus* is then devolved on the defendant to overcome the presumption of negligence by proof of the circumstances attending the killing. We cite the case of *New Orleans & N. E. R. R. Co.* v. *Brooks,* and, by the way, this opinion appears to have been written by the able counsel of the appellant, reported in the 38 So. 40. Where, in the action for death, it was shown that the injury was inflicted by the running of defendant's train, the statutory presumption that the injury was the result of the defendant's negligence could only be rebutted by clear proof, by defendant, of facts exonerating it from blame. Many other cases could be cited sustaining the proposition that the burden is on the defendant in such case to exonerate itself from negligence. One other case we will cite as persuasive of this rule, and that is the case of *Mobile & Ohio R. R. Co.* v. *Tupelo Furniture Manufacturing Co.,* reported in 7 Southern Reporter, page 297. In this case it was held that where goods, which had been delivered to one carrier in good condition and were delivered by another in bad condition, the burden is on the delivering carrier to exculpate itself from liability by showing that the injury did not occur by its fault or default.

Instruction No. 1, granted the plaintiff by the court, is then, certainly correct, in so far as it places the burden on the defendant to exonerate itself. Now, the nice point raised is that the instruction is erroneous because it tells the jury that if the testimony for the plaintiff and the defendant is "equally balanced, then the law is for the plaintiff and the jury should so find. By reason, this must be true, because first, in that state of the testimony, the defendant has not exonerated itself; in the second place, any other rule would at once destroy the *prima facie* case and the presumption of negligence created by the statute, and it has been repeatedly held that this presumption alone is sufficient to support a verdict for a plaintiff in this sort of case.

We cite the case of *Vicksburg & M. R. Co.* v. *Phillips, Adm's,* reported in the Southern Reporter, page 537. "But it cannot be said to be erroneous to instruct the jury that the law presumes wrong and imputes blame from the fact of injury inflicted by the running of locomotive or cars; for that is precisely what section 1059 does. The same decision contains this language which is directly on the nice point raised in counsel's brief. If the evidence showing the injury rebuts the presumption, well; but if it does not, the presumption created by law from the fact of the injury in this mode is to stand and control.

This instruction is a practical copy of that complained of in the case of *Kansas City M. & B. R. Co.* v. *Doggett,* and upheld by this court, reported in 7 Southern Reporter, page 278. The language of that instruction is in part, and the burden of proof is upon the defendant to satisfy the jury, etc. Counsel should not become disgruntled because of the state of the law and vent his spleen therefor by imputations against the jury who tried this case, and indeed, all other juries who try cases against railroads. We believe the average juror is fair minded and honest and renders a verdict in response to

his conscience and judgment, after a fair and impartial consideration of the law and evidence. Certainly the imputation could not reach and bias or corrupt the trial judge, who sat and heard the testimony and observed the witnesses and their manners; who granted the instruction complained of and who refused a peremptory instruction and also, refused a motion for a new trial.

Instruction No. 2, complained of by counsel, is sound law and applies to the facts in this case. We quote from the case of *New Orleans & N. E. R. R. Co.* v. *Brooks,* reported in 38 Southern Reporter, page 40. There is yet another principle of law, well settled in this state, which required the submission of the case to the jury. It was shown beyond peradventure that the injury was inflicted by the running of the train. This was *prima facie* proof of negligence, authorizing a recovery by plaintiff. To overcome this statutory presumption, it devolved upon the appellant to exculpate itself by establishing, to the satisfaction of the jury, such circumstances of excuse as would relieve it from liability. But this statutory presumption cannot be overthrown by conjecture. The circumstances of the accident must be clearly shown and the facts so proven must exonerate the company from blame. If the facts be not proven, and the attendant circumstances of the accident remain doubtful, the company is not relieved from liability, and the presumption controls. Both the instructions complained of are shown to be based upon and supported by the decisions of this court and are correct in verbiage and principles of law announced, and rest upon testimony in the case.

Reed, J., delivered the opinion of the court.

Appellant assigns as an error the refusal of the trial court to give a peremptory instruction in its favor. On April 15, 1912, at seven p. m., one of appellant's passenger trains ran into a herd of cattle and killed three. The engineer in charge of the train was the only person

who saw the accident. He testified that the train was
running at a rate of speed which he estimated to be be-
tween twenty-five and thirty miles an hour when he first
saw the cattle; that they were then on the side of the
track, which was on a fill, and down near a ditch, and that
he estimated they were about seventy-five or one hundred
yards away; that the headlight on the engine appeared
to blind them, and they got on the track; that he put
on the brakes, sounded the whistle, and did everything
he could to avoid striking the animals; that rain had
fallen, it was then misting, the tracks were wet, and at
the rate of speed he was traveling and the condition of
the track he could not stop the train within less than
four or five hundred feet; that the train was properly
equipped with all necessary appliances for safe use, and
was under control, and that he was on the lookout and
saw the cattle as soon as he got around a curve, so they
could be seen; and that he did all he could to stop the
train, but could not do so in time to prevent the acci-
dent.

The testimony of other witnesses was corroborative of
that of the engineer, except that the witnesses for the
appellee estimated the distance to be about two hundred
yards, rather than one hundred yards, from where the
cattle were struck, to the curve. However, there was no
measurement of this distance, and the testimony of all
of the witnesses is based upon estimate only. It is un-
disputed that the engineer did what he could to prevent
the killing of the stock. From the testimony, it ap-
pears that the accident was unavoidable.

A railroad company, in operating its trains, is only re-
quired to use reasonable care to prevent injury to ani-
mals on its tracks; such care "as a discreet man would
exercise to avoid injury." *Railroad Co. v. Field,* 46 Miss.
573; *Railroad Co. v. Wright,* 78 Miss. 125, 28 So. 806.
From the facts presented in this record, we think the
appellant was entitled to the peremptory instruction. We

do not see in this case negligence on the part of the railroad company.  *A. & V. R. R. Co.* v. *Boyles,* 37 So. 498; *Railroad Co.* v. *Greaves,* 75 Miss. 360, 22 So. 804; *Y. & M. V. R. R. Co.* v. *Frazier,* 61 So. 547.

Reversed, and judgment here for appellant.

*Reversed.*