HARTLEY *v.* STATE.

(Division B. Nov. 9, 1931.)

[137 So. 518. No. 29550.]

**H. K. Murray,** of Vicksburg, for appellant.

**Eugene B. Ethridge,** Assistant Attorney-General, for the state.

**Anderson, J.,** delivered the opinion of the court.

Appellant was indicted and convicted in the circuit court of Warren county of the crime of robbery, and sentenced to the penitentiary for a term of seven years. From that judgment, he prosecutes this appeal.

The appellant assigns and argues as errors the action of the court in refusing to direct a verdict in his favor, and the refusal of an instruction requested on his behalf.

There was no error in refusing to direct a verdict in appellant's favor. Appellant's guilt was purely a question for the jury; there was ample evidence to sustain his conviction. The refused instruction is in this language: "The court instructs the jury for the defendant that if any witnesses have made contradictory statements as to the facts of the case, this may, in the discretion of the jury, create a reasonable doubt as to the truth of the evidence of such witness."

There was no error in refusing this instruction, for two reasons:

(1) It authorized the jury to segregate from the other evidence in the case the testimony of any witness who had made contradictory statements as to any material facts, and determine from the testimony of such witness alone which, if either, of such statements is true.

The effect of the instruction was to exclude from the consideration of the jury the other evidence in the case, in determining which of the conflicting statements was true and which was false, or whether either of the conflicting statements was true. By the instruction, the court singled out to the jury any witness who had made conflicting statements as to any material facts, and said to the jury that in their discretion such conflicting statements alone, without regard to the other evidence in the case, might be sufficient to raise a reasonable doubt as to the truth of the evidence of such witness. That is not the law. Where a witness makes conflicting statements as to the material facts of a case, in passing on the truth of his statements, the jury are not confined to his testimony alone; but they must consider it in connection with all the other evidence in the case. To illustrate: A witness in a case makes two conflicting statements as to a material fact in the case. The statements are irreconcilable; both cannot be true. The other evidence in the case may, or may not, tend to show which is true. In other words, the jury are not authorized to reject both statements of the witness, solely because of the fact that they are conflicting; but, before doing so they must bring to bear on the question the other pertinent evidence in the case.

(2) The instruction is erroneous, because it undertook to direct the jury as to the mental process they should follow in determining the truth of the testimony of the witness making conflicting statements as to material facts. The jury should be left to their own methods of reasoning from the evidence in the case. The court, by its instructions, cannot put the jury's process of reasoning into a mental strait jacket.

Affirmed.