## GULF, M. & N. R. Co. *v.* WELDY.

(In Banc.   May 25, 1942.)

[8 So. (2d) 249.   No. 34999.]

**C. C. Smith,** of Richton, and **Welch & Cooper,** of Laurel, for appellant.

**Currie & Currie,** of Hattiesburg, for appellee.

Argued orally by **Ellis B. Cooper**, for appellant, and by
**N. T. Currie**, for appellee.

**Alexander, J.**, delivered the opinion of the court.

Plaintiff Weldy based his suit upon an alleged assault by a servant of the railroad company.  The testimony disclosed that plaintiff while riding as a trespasser
upon a freight train of the defendant was ordered off by
its flagman or brakeman and while attempting to comply
with the order was without provocation struck by such
employee.  It is alleged and supported by proof that plaintiff was caused to fall between two moving freight cars
and dragged some distance and severely injured.

While there is serious dispute of plaintiff's explanation of the cause of his injury, both by witnesses and by
circumstances, which would ordinarily provoke a close
scrutiny of its reasonableness, the peremptory instruction
requested by the defendant was properly refused.  We
shall not rehearse or comment on the facts since we feel
compelled to reverse the case for an error in law.

The third instruction for the plaintiff is in the following
language:

"The court instructs the jury for the plaintiff that
if you believe from the evidence in the case that the defendant railroad company delegated to its brakeman or
flagman the duty with reference to handling trespassers
or persons riding upon its freight trains without authority
of the company, either by its printed rules or by bulletin

or special instructions to eject trespassers from its trains or take them to the conductor, *then the defendant was charged with the common knowledge that servants and agents sometimes disobey the orders of their masters,* and if you believe from the evidence in the case that the plaintiff was riding defendant's freight train and that its flagman or brakeman wilfully or maliciously ejected said plaintiff from said train while it was running or in motion and the plaintiff was injured, then under the law the defendant railroad company is liable to plaintiff for the acts of its said servant in so ejecting the plaintiff and the plaintiff is entitled to recover from the defendant for the damages, if any, sustained as a proximate result of being so ejected from the defendant's train.'' That part of the instruction which is objectionable is italicized.

The effect of the instruction is two-fold: the jury was told by the court, (1) that disobedience by servants, being a matter of common knowledge, could be accepted and considered by them as a proven fact; (2) that such disobedience here assumed as being habitual and accepted as a fact could be taken into account in impeaching the testimony of the flagman. In resisting the defendant's attack upon this instruction, plaintiff contends that the purpose of the clause was to advise the jury that it was not necessary to prove that appellant knew plaintiff had been knocked off the train. But the damaging import of the language, aside from its vice as being suggestive and upon the evidence, is that its tendency is to influence the jury upon the factual issue as to whether the flagman assaulted plaintiff at all. In reversing a case where an instruction on common knowledge was condemned, this court stated in Illinois Cent. Railroad Co. v. Greaves, 75 Miss. 360, 22 So. 804, 805, ''We fear this charge so far misled the jury as that the evidence was disregarded, and the issue determined by common knowledge.''

It is reasonable to assume that plaintiff borrowed the quoted language from Loper v. Yazoo & M. V. R. Co., 166

Miss. 79, 145 So. 743, 745, where, in discussing the principle that a master's responsibility includes not only those acts committed in the line of the servant's assigned duties but also those acts done in the abuse or disobedience thereof, the court said "disobedience of servants to instructions as to the particular manner in which their duties should be discharged is so frequent as to become a matter of common knowledge of which employers must take notice." Waiving any discussion as to whether such disobedience is so established as to be a subject of judicial notice and thereby accepted as a fact, it is evident that this court was not laying down such a rule of substantive law as alone should compose instructions to juries. The language quoted sought to measure the responsibility of the master by charging him with knowledge that an abuse of orders is likely to occur, and thereby projecting his responsibility into those areas of action which are adjacent to the prescribed channel of duty and into which the servant is apt to transgress in an occasional deviation from an orderly course. Since the servant is never authorized to commit negligent or tortious acts the master would never become liable unless he were charged with responsibility for acts which stemmed from the servant's line of duty. It was appropriate, therefore, to emphasize that the master must be compelled to retain the risk and responsibility for any disobedience, whether of nonfeasance or misfeasance, which arose out of and was incidental to the performance of prescribed duties.

The principle of judicial knowledge is a rule of evidence and not of substantive law. It supplies evidence by dispensing with the necessity for adducing proof as to matters of common knowledge. It may be common knowledge that a defendant on trial for his life is inclined to recall only such facts as may be useful to his defense and to so color circumstances as to diminish their visibility as incriminating, yet it would be error for the trial court to remind the jury of such probability. If a fact is a matter

of common knowledge the jury need not be so told by the court; if it is not, they should not be. Such matters may be taken into account either by the court or the jury, but they are, in fine, matters of evidence and as such are not suitable material for instructions. Ellis v. State, 65 Miss. 44, 3 So. 188, 7 Am. St. Rep. 634; Finley v. Hunt, 56 Miss. 221; Davis v. State, 89 Miss. 119, 42 So. 541. To say that the jurors are free to integrate common knowledge into their reasoning is to say that they should be left free to do so. Their mental processes should be unaffected by any suggestion by the trial court. Hartley v. State, 161 Miss. 667, 137 So. 518; M. & A. Motor Freight Lines v. Villere, 190 Miss. 848, 1 So. (2d) 788. The quoted instruction, therefore, is palpably upon the weight of evidence, suggestive and argumentative. Other instructions on behalf of the plaintiff adequately stated the law of the defendant's responsibility as including all acts done by the servant while assuming to act within the scope and under authority of his employment and directions.

We have repeatedly discouraged the practice of borrowing language from the reasoning of written opinions. Isolated from its context, or sought to be translated from mere discussion into substantive law, it is apt to become invested with a quality wholly inappropriate for use in instructions. Unless clearly stated as legal principles, the unwisdom of construing them as such is here again emphasized. Alabama G. S. R. Co. v. Daniell, 108 Miss. 358, 374, 66 So. 730; McRae v. Robinson, 145 Miss. 191, 110 So. 504; Kroger Grocery Co. v. Lewelling, 165 Miss. 71, 82, 145 So. 726; Crawford v. City of Meridian, 174 Miss. 875, 879, 165 So. 612.

Reversed and remanded.