WOOD v. STATE.

(In Banc. Jan. 22, 1945. Suggestion of Error Overruled Feb. 12, 1945.)

[20 So. (2d) 661. No. '35679.]

658

Cephus Anderson, of Hattiesburg, for appellant.

**Greek L. Rice,** Attorney General, by **R. O. Arrington,** Assistant Attorney General, for appellee.

**Roberds, J.,** delivered the opinion of the court.

Appellant was indicted for, and convicted of, the murder of Robert A. Lipscomb, and sentenced to be electrocuted. Only two of the several errors assigned on this appeal are sufficiently serious and doubtful to require dis-

cussion in an opinion. They involve the admissibility of three confessions, and the granting of one instruction.

Appellant made two confessions in Hattiesburg and one later in Jackson. They were admitted in evidence over the objection of Wood. He says they were not shown to be free and voluntary. Two of the confessions were in the form of questions and answers, taken down and transcribed by stenographers. We have carefully examined and considered the evidence bearing upon this question. Not only is it sufficient to sustain the finding of the trial judge that the confessions were free and voluntary, but it is unusually clear of any suspicion that this was not the case. Wood did not testify himself, and therefore did not deny the free nature of the confessions. There is no proof whatever tending to show that the Jackson confession was not free and voluntary. And the testimony offered by appellant, directed to the Hattiesburg confessions, wholly fails to show any improper act or word inducing them. There is no merit in this contention.

The trial court granted the state this instruction: ''The court instructs the jury for the State that peculiarities of conduct on occasions do not amount to proof of insanity.'' The only defense of appellant was mental irresponsibility. He says this instruction bears directly on the weight of the evidence and is reversible error. The instruction should not have been given. It was lifted from, and is a part of, a sentence used by this Court in Eatman v. State, 169 Miss. 295, 299, 153 So. 381. Once more we call attention to what was said by this Court in Gulf, M. & N. R. Co. v. Weldy, 193 Miss. 59, 8 So. (2d) 249, 251, 144 A. L. R. 930: ''We have repeatedly discouraged the practice of borrowing language from the reasoning of written opinions. Isolated from its context, or sought to be translated from mere discussion into substantive law, it is apt to become invested with a quality wholly inappropriate for use in instructions. Unless clearly stated as legal principles, the unwisdom of construing them as such is

here again emphasized." However, the granting of the instruction in this case is not reversible error for two reasons: First, there is no evidence in this record which would justify any jury in finding that the accused, at the time he committed the act, did not have the ability to realize and appreciate the nature and quality thereof, and to distinguish right from wrong as applied to such act, which is the requirement for such defense adopted by this Court. Jones v. State, 97 Miss. 269, 52 So. 791; Eatman v. State, supra.

As stated, he did not testify himself, and the substance of the testimony given by his five fellow soldiers, who were the only witnesses in his behalf, was to the effect that he was at one time a good soldier but for some reason had become a poor soldier; had gotten careless about his dress and personal appearance; was moody and on occasions acted in a peculiar manner about his food and attention to his person, and had been reduced from the rank of sergeant to that of private some four months prior to this occurrence. No witness gave it as his opinion that Wood did not know it was wrong to murder a human being.

All of the other evidence shows that on February 10, 1944, Wood was a soldier at Camp Shelby, Mississippi; that on that day he procured the issuance to himself under the name of Dykes of a 45 automatic army pistol; left the camp about 1 o'clock on short leave, and walked toward Hattiesburg; that Mr. Lipscomb drove out of the camp in his automobile shortly thereafter; Wood thumbed a ride with him; that he immediately commanded Lipscomb to turn into a side road and park his car and get out; that he forced Lipscomb, at the point of his pistol, to walk ahead of him some distance into nearby woods, and as Lipscomb tried to run, he shot him four or five times, came back to the car and drove it a short distance, and decided he would return to see if Lipscomb was dead; found that he was and filched his pockets of money and personal papers, and returned to the car; he then drove

into Leaf River bottom, some four or five miles distant, and threw the identifying papers away; then came to Hattiesburg and tried to sell the automobile, representing himself as Lipscomb, and when asked for ownership papers on the car, said his wife had them. He was then arrested for theft of the car, it not being then known Mr. Lipscomb had been killed. He made his first two confessions the next day to the chief of police of Hattiesburg. Everything he said was verified by physical facts and subsequent investigation. All of his words and acts show that he fully realized he was committing a serious crime; that he tried to conceal it and to deceive and mislead the officers who were endeavoring to solve it.

A second reason, in addition to the foregoing, why the granting of this instruction is not reversible error in this case is that the trial court granted appellant, as defendant below, an instruction telling the jury that it should take into "consideration the responsibility of the defendant for the crime charged against him in determining the degree of punishment to be inflicted upon the defendant, if any." It is, therefore, quite certain that, regardless of the above instruction obtained by the state, the jury was free to, and no doubt did, fully weigh and consider his mental responsibility for the crime before returning the verdict in this case.

Affirmed, and Thursday, March 15, 1945, set for the date of execution. Affirmed.