ILLINOIS CENT. R. R. Co. *v.* SHIVERS.

Oct. 19, 1953

No. 38866          39 Adv. S. 20          67 So. 2d 372

*James B. Sykes,* Mendenhall, *Byrd, Ricketts & Wise,* Jackson, and *Lucius E. Burch, Jr.,* Memphis, Tenn., for appellant.

*R. C. Russell* and *Billie C. Little,* Magee, for appellee.

Holmes, J.

The appellee brought this suit against the appellant for $200.00 as the value of a cow alleged to have been

killed by the negligent operation of one of the appellant's trains. The appellee recovered a judgment for $200.00, and the appellant appeals therefrom, assigning as error (1) that the trial court erred in refusing its request for a peremptory instruction, and (2) that the trial court erred in refusing its request for certain other instructions, and (3) that the verdict of the jury is contrary to the law and the evidence.

In view of the conclusion we have reached, we notice only the assignment that the trial court erred in refusing appellant's request for a peremptory instruction.

According to the undisputed evidence, the cow was struck on the morning of May 1, 1951, by the south bound train of the appellant proceeding from Mendenhall to Columbia. The cow was injured to such an extent that it was necessary to kill her. The appellee testified that he missed the cow when she failed to come to the barn and when he went to look for her he found her lying injured by the side of appellant's railroad track. The track at this point was straight and the view was clear in either direction for from a half mile to a mile. The track ran through a pasture of the appellee, in which he had twenty or thirty head of cattle. The appellee further testified that he observed cow tracks on the railroad track, indicating that the cow had run down the track. Asked at one time how far she had run down the track, he said, about 100 or 125 feet. Asked the same question at another time, he said about a 100 yards. Asked at another time if he did not say that he saw cow tracks going down the track between the rails for about 100 feet, he answered, "that is right." No other material evidence to establish the claim of the negligence of the appellant was offered by the appellee.

The engineer who was operating the train at the time of the accident testified that his train was properly equipped with brakes, bell, and whistle and was otherwise in good order; that he was proceeding on his run from Mendenhall to Columbia and keeping a lookout for

stock ahead, and that he first observed the cow when he was from 500 to 600 feet from her, and that she was then grazing about 40 feet from the side of the track; that when he reached a point about 175 feet from where the cow was, she began coming towards the track; that he shut off the steam, applied his air brakes, blew his whistle, and sounded the alarm, but that it was impossible to stop his train in that distance and avoid striking the cow. He further testified that he did everything that it was possible to do to avoid the accident. The brakeman who was riding in the engine corroborated the testimony of the engineer.

The uncertain testimony of the appellee as to the distance he observed cow tracks down the railroad track fails to establish by a preponderance of the evidence physical facts indicating that the cow was running down the railroad track ahead of the train for such distance that the appellant observing her could, in the exercise of reasonable care, have avoided striking her. No other evidence of negligence on the part of the appellant was introduced by the appellee. The appellee was left, therefore, to rely for the maintenance of his cause upon Sec. 1741 of the Miss. Code of 1942, providing that proof of injury inflicted by the running of the train constitutes prima facie evidence of the want of reasonable skill and care on the part of the railroad company. This Court has held in cases too numerous to mention that the prima facie presumption of negligence which arises under the statute must yield to proven facts. There were no eye witnesses to the accident except the engineer and the brakeman. The physical facts do not contradict their testimony, and we do not think that the jury was warranted in disbelieving their testimony. We quote as applicable the language of this Court in its opinion in the case of Hines, Director General of Railroads, v. Thompson, 123 Miss. 634, 86 So. 450, as follows:

"As we view the evidence in this case, the physical facts did not warrant the jury in disbelieving the testi-

mony of the engineer to the effect that he did everything he could have done to prevent the killing of the mule. It seems to have been a clear case of suicide. An unbiased study of the evidence of the engineer convinces this court that he spoke the truth when he said that he did all he could have done under the circumstances. The physical facts do not contradict or tend to contradict the testimony of the only eyewitness.''

Again this Court said in the case of N. O. & N. E. R. Co. v. Martin, 126 Miss. 765, 89 So. 621, that it is not required to do everything possible to avoid the injury but that the standard of action of the average man under the circumstances is the criterion.

Further, this Court said in the case of Miss. Central Railroad Co. v. Morrison, 107 Miss. 300, 65 So. 275, as follows: ''A railroad company, in operating its trains, is only required to use reasonable care to prevent injury to animals on its tracks; such care as a discreet man would exercise to avoid injury.''

■■■ We think the undisputed testimony of the engineer and brakeman overcame the presumption of the statute and fully exonerated the appellant of any negligence resulting in the death of appellee's cow, and that the trial court should have granted appellant's request for a peremptory instruction. Accordingly, the judgment of the court below is reversed and judgment rendered here for the appellant.

Reversed and judgment here for appellant.

*McGehee, C. J.*, and *Roberds, Lee,* and *Lotterhos, JJ.,* concur.