ETHRIDGE, Chief Justice:
The appellee Chisolm obtained a verdict and judgment of $955 in the Circuit Court of Newton County against the appellant, Gulf, Mobile & Ohio Railroad Company. The suit was based on allegations that de *824 fendant’s freight tram negligently struck and killed four head of cattle belonging to plaintiff. We conclude that plaintiff failed to show any negligence by the railroad, and it was entitled to a peremptory instruction.
The cattle were killed by an eastbound freight train in the middle of the afternoon. Defendant’s engineer and track supervisor were the only eyewitnesses, and their testimony is in substance undisputed. As the train moved east and rounded a curve, the track straightened out. About 1300 feet away the engineer saw a cow grazing on the side of the right of way, some eight to twelve feet down the grade next to it. He made a five-pound application of brake valves, blew the whistle and rang the bell. Almost immediately that cow and three others, which were not observable at that time (apparently coming from under the bridge to the west), ran upon the track. The engineer threw the train in emergency and stopped it 100-200 feet beyond where the cows were hit east of the bridge. The train was going thirty miles an hour as it rounded the curve. It required about 1000-1200 feet to stop. After the cow began moving toward the tracks, the train was stopped in less than that distance. Plaintiff said that his cattle escaped from the pasture when a log in a creek broke the wire; and that from the curve to the point of impact, it was about 2400 feet of straight track. The bull, which had gotten under the engine, was dragged about half a mile before the train could get it out of the way. All four cattle were struck close together.
 In operating its trains, a railroad company is required to exercise reasonable care to avoid injury to livestock on or near its track, after discovering them in a position of peril. In operation of its trains, it does not have to check their speed until there is a reasonable apprehension that livestock will go upon the track. And if the evidence shows without conflict that the injury could not have been avoided'by the exercise of reasonable care, then it is the duty of the court to instruct the jury to find for the railroad. New Orleans & N. E. R. R. Co. v. Martin, 126 Miss. 765, 89 So. 621 (1921).
 In the instant case, the statutory presumption of negligence disappeared when all of the facts were in evidence. Miss.Code Ann. § 1741 (1956). There were no material conflicts in the evidence, as contrasted with Illinois Central R. R. Co. v. Gibson, 219 Miss. 815, 70 So.2d 52 (1954). There were no eyewitnesses to the accident except the engineer and track supervisor, and the physical facts do not contradict their testimony, which reflects reasonable care. Accordingly, appellant was entitled to its requested peremptory instruction. Illinois Central R. R. Co. v. Shivers, 218 Miss. 332, 67 So.2d 372 (1953).
Reversed and judgment rendered here for appellant.
RODGERS, JONES, INZER and ROBERTSON, JJ., concur.