SMITH, Justice:
New Orleans & Northeastern Railroad Company has appealed from a judgment for $175 recovered against it by appellee, Mrs. Alberta Lee, in an action in the Circuit Court of Lamar County for the alleged negligent killing of a cow by one of its trains.
Upon the trial of the case, appellee put on testimony to the effect that the cow had been found near appellant’s tracks, apparently killed by a southbound freight train, and rested. No evidence was introduced or offered to show negligence upon the part of the railroad company’s employees in or about the operation of the train.-
Thereupon, the railroad company went forward with its proof, as required by Mississippi Code 1942 Annotated section 1741 (1956). Both the engineer and fireman of Local Freight Number 67 testified. They gave a full and detailed statement of the facts and circumstances resulting in the death of the cow. Their testimony is un-contradicted in the record and establishes that no negligence on the part of the railroad company’s employees in or about the operation of its train either caused or contributed to the injury and death of the cow. There was no attempt to impeach either of these witnesses or to rebut their testimony.
A motion was made by appellant for a directed verdict when appellee rested, and again at the conclusion of the case. Both motions were overruled by the trial court.
In the court below appellee relied, and she relies here, upon the provisions of section 1741, supra, sometimes referred to as the “Prima Facie Statute.”
Aside from evidence that Lamar County is an “open range” county under the Mississippi Stock Law, and the argument that the railroad company was under a duty to *924 maintain “lawful” fences along its right-of-way, appellee’s case consists entirely of proof that the cow was, in fact, killed by one of appellant’s trains.
This case is similar to Illinois Central Railroad Co. v. Shivers, 218 Miss. 332, 336, 67 So.2d 372, 374 (1953), and is controlled by the principles there stated:
We think the undisputed testimony of the engineer and brakeman overcame the presumption of the statute and fully exonerated the appellant of any negligence resulting in the death of appellee’s cow, and that the trial court should have granted appellant’s request for a peremptory instruction. Accordingly, the judgment of the court below is reversed and judgment rendered here for the appellant.
In Western & Atlantic Railroad Co. v. Henderson, 279 U.S. 639, 643-644, 49 S. Ct. 445, 447, 73 L.Ed. 884, 888 (1929), the United States Supreme Court said:
Each of the state enactments raises a presumption from the fact of injury caused by the running of locomotives or cars. The Mississippi statute created merely a temporary inference of fact that vanished upon the introduction of opposing evidence. Gulf, M. & N. R. Co. v. Brown, 138 Miss. 39, 66 et seq., 102 So. 855; Columbus & G. Ry. Co. v. Fondren, 145 Miss. 679, 110 So. 365.
In Stapleton v. Louisville & Nashville Railroad Co., 265 F.2d 738, 748 (5th Cir. 1959), Judge Cameron delivered the opinion of the court, saying:
In Mississippi, negligence, in its traditional sense, has always been the sole basis for recovery and proof of negligence has always been required to be based upon substantial credible evidence.
In Yazoo & Mississippi Valley Railroad Co. v. Lamensdorf, 180 Miss. 426, 450, 177 So. 50, 178 So. 80, 81 (1938), this Court held:
The scintilla of evidence rule has been discarded in nearly all jurisdictions, and is not recognized in this state; but verdicts must be based upon substantial evidence * * *.
In construing Mississippi Code 1942 Annotated section 1455 (1956), which provides “All questions of negligence and contributory negligence shall be for the jury to determine,” this Court had this to say in Mississippi Butane Gas Systems, Incorporated v. Welch, 208 Miss. 637, 648, 45 So.2d 262, 264-265 (1950):
However, that statute does not change the fundamental condition that there must first be negligence, and without it, there is nothing for the jury. Here, as we have intimated, we find no justiciable negligence in the record * * *.
The undisputed testimony of the engineer and fireman overcame the prima facie case created under section 1741, supra. It then became necessary that appellee produce some evidence of negligence upon the part of the railroad company’s employees in or about the operation of the train which proximately caused or contributed to the injury and death of her cow. In the complete absence of such proof, there was no factual issue for submission to the jury, and the motion of appellant at the conclusion of the case for a directed verdict in its favor should have been sustained.
Reversed and judgment here for appellant.
GILLESPIE, P. J., and PATTERSON, INZER and ROBERTSON, JJ., concur.