424 So.2d 449 (1982)
Frank TRAPANI III and his Wife, Patricia Munster Trapani
v.
STATE FARM FIRE & CASUALTY COMPANY, Maurice Phil Weinstein.
No. 5-191.
Court of Appeal of Louisiana, Fifth Circuit.
December 9, 1982.
Rehearing Denied January 17, 1983.
*450 Owen J. Bradley and Michael R. Guidry, New Orleans, for plaintiffs-appellants.
Dinwiddie & Brandao, Edward J. Brandao, Metairie, for defendants-appellees.
Before SAMUEL, KLIEBERT and GRISBAUM, JJ.
*451 GRISBAUM, Judge.
In this personal injury case, appellant Frank Trapani, III and his wife, Patricia Munster Trapani, brought suit for injuries sustained by Mrs. Trapani while a guest on Mr. Weinstein's boat. The Trapanis appeal a judgment in favor of the defendant, State Farm Fire and Casualty Company. We affirm.
Early in the morning of July 3, 1977 four friends met to embark on a fishing trip. Frank and Pat Trapani, Phil Weinstein, and Santo Mangipano drove to Empire, Louisiana, to launch the boat which was owned and operated by Mr. Weinstein. The 22 foot boat proceeded through calm canal water without incident. However, upon entering the Gulf, the waves picked up and Mr. Weinstein reduced the speed of the boat. Standing to the left of Mr. Weinstein was Frank Trapani. Seated to the left of him was his wife, Pat. Seated at the back of the boat on an ice chest was Mr. Mangipano. Mrs. Trapani complained to her husband that she was bothered by the movement of the boat. He recommended that she stand next to him and hold onto the windshield. The height of the waves, assessed differently by each party, was estimated as between one to three feet and three to five feet. The reduced speed that Mr. Weinstein was driving in the Gulf was also estimated variously as between twelve to fifteen miles per hour and twenty-five to thirty-five miles per hour. The boat had gone less than a mile in the open Gulf when suddenly Mrs. Trapani was thrown up in the air and came crashing down on the boat's deck. She sustained a severe fracture to her ankle.
On November 17, 1977 Mr. and Mrs. Trapani filed a petition for damages against Maurice Phil Weinstein, and his insurer, State Farm Fire and Casualty Company. The matter came to trial before a jury on April 6, 9 and 10, 1981. On April 10 appellants voluntarily dismissed with prejudice their claim against Mr. Weinstein. On the same day, the jury returned a verdict in favor of the remaining defendant, State Farm Fire and Casualty Company. The jury found Maurice Weinstein, Jr. was not negligent. On July 16, 1981 appellants filed a devolutive appeal.
There are two issues presented. The first is whether the court erroneously charged the jury as to a matter of common knowledge. Finding it was erroneous, the second issue is whether Mr. Weinstein was negligent.
The basis of the first issue is the court's charge to the jury that "it is a matter of common knowledge that the movement of fishing boats and other small water craft are constantly affected by the waves and thereby made unsteady." This language, requested by the defendant, was quoted from the opinion in Aronowitz v. Molero, 273 F.Supp. 226 (E.D.La.1967). The Louisiana Code of Civil Procedure restricts the permissible contents of the charge of the jury. Article 1792 states:
Content of Charge to Jury
In his charge to the jury the judge shall instruct the jurors on the law applicable to the cause submitted to them, but he shall not recapitulate or comment upon the evidence so as to exercise any influence upon their decision as to the facts.
The disputed charge admits to being on a matter of common knowledge, not on the law applicable to the case. If a fact is a matter of common knowledge, the jury need not be told so by the court. If it is not, then the judge stating that it is exercises an undue influence upon their decision. So, while jurors may be free to integrate common knowledge into their reasoning, their mental processes should be unaffected by any suggestion by the trial court. The damaging import of such language is that it has a tendency to influence the jury upon the crucial factual issue of whether Mr. Weinstein's negligence or unavoidable movement caused by the waves was the cause of Mrs. Trapani's fall. Gulf, M. & N.R. Co. v. Weldy, 193 Miss. 59, 8 So.2d 249 (1942).
The fact that the language was borrowed from the reasoning of a written opinion does not uphold the charge. Isolated *452 from its context, or sought to be translated from mere discussion into substantive law, opinion language is apt to become invested with a quality wholly inappropriate for use in instructions. Taylor v. Insurance Company of North America, 263 So.2d 749 (Miss. 1972). The mere fact that certain language has been used by a judge in rendering an opinion is not of itself sufficient to justify the use of the same language by a trial court in its instruction to the jury. News Leader Co. v. Kocen, 173 Va. 95, 3 S.E.2d 385 (1939).
The question of whether or not the jury was properly instructed affects the weight that should be given to the jury findings. If the instructions were so inadequate or improper as to preclude the jury from reaching a verdict based on the law and facts, the appellate court would be bound to render the judgment which it considers is just, legal and proper upon the record on appeal. La.Code Civ.P. art. 2164; Brown v. White, 405 So.2d 555 (La.App. 4th Cir.1981). The adequacy of a jury instruction must be determined in light of the jury instructions as a whole. Brown v. White, supra.
This court has considered the jury charges given in this case. The other jury charge of the defendants which was granted and apparently read in conjunction with the disputed jury charge is "the mere happening of an accident and injuries does not raise any presumption of negligence on the part of anyone. Negligence is an affirmative fact which is not presumed but must be proved by the party who alleges it; and it must be proved by a preponderance of the evidence." While this charge is not improper on its face, it does, when read with the "common knowledge" charge, seem to infer to the jury that negligence was not proven to be the cause of Mrs. Trapani's injury but rather the common knowledge fact that fishing boats are thrown around by the waves.
Therefore, we hold that the jury charge, in light of the jury instructions as a whole, were so improper as to preclude the jury from reaching a verdict based on the law and facts. We must now reach our own factual determination of whether Mr. Weinstein was negligent.
The second issue requires discussion of general negligence and the doctrine of res ipsa loquitur which the appellant raises for the first time in argument to this court. Appellant cites a recent Second Circuit case Holman v. Reliance Insurance Companies, 414 So.2d 1298 (La.App. 2d Cir.1982) as authority for application of res ipsa to the instant case.
However, as stated in Holman, Louisiana courts have utilized res ipsa primarily when (1) the accident is of the kind that does not ordinarily occur in the absence of negligence, (2) the injury was caused by an agency or instrumentality within the actual or constructive control of the defendants, and (3) evidence of the real cause of the accident is more readily accessible to the defendant. Comment, 25 La.L. Rev. 748 (1965). The last factor would apply, for example, to the facts of Boudreaux v. American Insurance Company, 262 La. 721, 264 So.2d 621 (1972) in which fire had spread throughout a building within an hour after defendant's employees left and locked the restaurant. Plaintiff's decedent, in an adjacent building, died from suffocation. Defendants were the last people in the restaurant and knew the condition the kitchen was left in. Plaintiff could not readily access the condition of the restaurant prior to the fire. Thus, the cause of the accident was more readily accessible to the defendant. In the instant case, however, all parties were on the boat, noted the sea conditions and speed of the boat. Thus, evidence of the cause of the accident was equally accessible to both parties.
The court in Boudreaux applied the doctrine of res ipsa stating "the evidence as a whole shows that the defendant's insured's negligence was the most plausible or likely cause of the fire which caused the decedent's death. (Footnote omitted) We cannot as reasonably ascribe any other cause." Therefore to determine if res ipsa should be applied, we must determine if "the facts *453 ... suggest negligence of the defendant, rather than some other factors, as the most plausible explanation of the accident." Pilie v. National Food Stores of La., Inc., 245 La. 276, 158 So.2d 162 (1963). Testimony in the instant case failed to suggest that negligence, rather than other factors, was the most plausible explanation of the accident.
Appellant, Frank Trapani, did not testify to any facts that inferred negligence. He stated he had fished with Phil Weinstein in his boat ten to fifteen times previously, and the speed that Mr. Weinstein operated his boat on the day of the accident was the normal speed he usually operated the boat. He stated that on past occasions, he and Phil would decide together if the seas were too rough to go out on. He had never had any personal disagreement with Phil's decision as to whether or not to go out on the Gulf. Mr. Trapani stated, under cross-examination, he had no objection to going out into the Gulf the day of the accident. Still under cross-examination, Mr. Trapani responded to questions as follows:
Q. Now, once the vessel got into the Gulf waters, out of the canal, did you have any problem maintaining your balance standing in the middle of the boat as you described?
A. No, sir; I was holding onto the windshield.
Q. And the waves that you described the boat going through did not cause you to slip or fall or have any problems of any sort, did they?
A. No, sir, just a throbbing, you know.
Q. In point of fact, the wave which was under the boat when your wife fell didn't cause you any problems, did it?
A. I felt a jolt, but I didn't fall.
Q. You neither lost your balance?
A. Right.
Q. Nor went up in the air?
A. Not that I can remember.
Q. Nor fell down?
A. Right.
Q. You felt the wave but it didn't cause you problems?
A. Right.
Q. You earlier testified that Phil reduced his speed when the vessel had entered the Gulf?
A. Yes, sir.
The testimony of Mr. Mangipano was likewise unsupportive of a finding of negligence. He stated at the time that Mrs. Trapani had her accident he "went up, too" from his seated position on the ice chest, but came back down sitting and sustained no injuries in connection with the event. In the period before the accident he did not have to hold on to keep from falling off the ice chest nor did he have any difficulty maintaining his position. Mr. Mangipano stated he had traveled on the Gulf in waves of the same size before and had traveled at speeds equal to and even faster than the speed traveled by Mr. Weinstein that day.
Mrs. Trapani testified she had only been out in the Gulf two times before the day of her accident. Both previous trips had also been with Mr. Weinstein. On the first trip the water was calm and they had an uneventful fishing trip. On the second trip, however, they turned back when they reached the Gulf because of the rough condition of the waves. On the third trip during which Mrs. Trapani had her accident, she testified the waves were rough and choppy. She told her husband she "felt like her insides were falling out."
Mr. Weinstein testified that he had owned and operated boats for fifteen years. Based on the RPM's registered on his tachometer, he estimated his speed at the time of the accident at twelve to fifteen miles per hour. He also estimated the height of the waves at somewhere in between one and three feet. Mr. Weinstein stated that although he was looking ahead and saw all the waves, there was nothing about the waves that resulted in Mrs. Trapani's injury that appeared different or required special handling.
Application of the doctrine of res ipsa loquitur would be inappropriate in the instant case. The evidence failed to indicate that Mr. Weinstein's negligence was the most likely cause of the accident. The testimony *454 indicated nothing unusual or unreasonable about a boat ride on the Gulf. Res ipsa cannot be employed to provide an inference of negligence only because the testimony failed to do so.
To avoid negligence, a person must comply to the standard of a reasonable person under like circumstances. Although a slower speed may well have prevented this mishap, the appellee is not held to a standard of perfect accompanied with hindsight. No evidence was advanced to show that Mr. Weinstein breached the duty he owed to Mrs. Trapani. The reason why only Mrs. Trapani was adversely affected by the wave is not clear. Regardless, appellant failed to prove that Mr. Weinstein should reasonably have acted differently to avoid such a mishap. For the reasons assigned, we find that Mr. Weinstein was not negligent, and the judgment appealed from is affirmed.
AFFIRMED.