11 WICKER, Judge.
These consolidated cases arise out of a multi-vehicle collision on Louisiana Highway 541 (also known as River Road or Labauve Road) in Westwego. The accident occurred on August 9,1988, at approximately 8:15 a.m. on a rainy day. Ramel Cross was driving his 1987 Chevrolet pickup truck in a westerly direction when his vehicle crossed the center line and struck a 1984 Mack truck being driven in the opposite direction by Bernard Caine. Cross suffered massive head and leg injuries. Cross and his children filed suit against the State of Louisiana, Department of Transportation and Development (DOTD). Caine’s employer, Mississippi Chemical Express, Inc., also filed suit against DOTD, while Caine and his wife sued Cross and DOTD. The suits were consolidated and tried in a bench trial. The trial court dismissed all claims against DOTD, but rendered judgment in favor of the Caines against Cross in the total amount of $21,-539.75, crediting Bernard Caine’s worker’s compensation intervenor for $17,539.75 of *1326 that amount. Cross filed a suspensive appeal.
SUSPENSIVE APPEAL
On our own motion we note that Cross is not entitled to a suspensive appeal. On April 16, 1990, the trial court granted Cross’s motion to proceed informa pauperis, declaring him |2to be indigent and authorizing him to proceed without payment of costs, in accordance with La.Code Civ.P. Arts. 5181, et seq. On August 15, 1990 the trial court granted his motion for suspensive appeal and set the appeal bond at $21,539.00. Although Art. 5185(A)(4) grants an indigent party the right to a devolutive appeal without payment of costs, paragraph (B) of that same article provides that an indigent “is not entitled to suspensive appeal ... unless he furnishes the necessary security therefor.” However, the appellate record does not reflect that Cross posted the suspensive appeal bond fixed by the trial court. Accordingly, the suspensive appeal hereby is converted to a devolutive appeal.
MERITS
On appeal Cross complains the trial court erred in finding he failed to carry his burden of proving that the cause of the accident was the hazardous condition of the roadway resulting from the negligence of DOTD.
We adopt herewith the statement of facts set out in the trial court’s written reasons for judgment:
This case involved an accident which occurred when Ramel Cross left his travel portion of the roadway and traveled into a portion of the roadway reserved for traffic moving in the opposite direction. He was struck by a truck being driven by Bernard Caine and owned by Mississippi Chemical Express Company. The State of Louisiana, through the Department of Transportation and Development, was sued by Cross, Caine and Mississippi Chemical as the party responsible for maintaining Louisiana Highway 541 (River Road). Mr. Cross contends that the accident happened when he struck a depression or pothole in his lane of travel, causing him to lose control of his vehicle, and resulting in his swerving into the oncoming lane and collision with Mr. Caine.
[[Image here]]
The whole inquiry here is to find [the] particular cause [of the accident]. The Court finds that the testimony of plaintiff, Cross, was of absolutely no help. He purports not to remember anything about the accident. This leaves the Court without any indication as to what caused the plaintiff to leave his lane of travel.
The Court finds that there were many, many speculations as to what caused Mr. Cross to leave his lane of travel. Even the plaintiffs experts could not pinpoint the spot(s) which might have caused Mr. Cross to allegedly lose control of his vehicle. hDr. Franklin Griffith, plaintiff’s accident reconstruction expert witness, testified that speed was not a factor in the accident. He testified that the major contributing factors were water on the road and debris, but he never said how any loss of friction or debris actually caused the plaintiff to leave his lane of travel while he was on the straightaway. He testified that his understanding was that Mr. Cross’s vehicle left the center lane while it was on the straightaway.
Ray Burkart, plaintiff’s accident reconstruction expert witness, said the cause was the substandard roadway, debris, and hydroplaning. This is in direct opposition to Dr. Griffith, who said he didn’t think hydroplaning was involved, that speed was not a consideration, and the pick-up truck was not traveling fast enough to be hydroplaning. Mr. Burkart further testified that the pick-up would have to be going at least 35 miles per hour for hydroplaning to occur.
Further, Mr. Caine testified that when he first saw the car, it was already across the center line, partially in his lane of traffic. Mr. Caine also testified that he did not see the pick-up sliding or skidding prior to the accident. He mentioned some type of bump, but this was after Mr. Cross had already crossed the center line into Mr. Caine’s lane of traffic.
*1327 Considering all of the testimony and evidence, this Court does not feel that the plaintiff, Mr. Cross, has carried his burden of proof in establishing that it was the fault or defect in the road which caused his car to leave his lane of travel and cross the center line. Therefore, plaintiff is presumed negligent under Louisiana law.
[[Image here]]
Unfortunately for plaintiff Cross, he has no recollection of the accident due to his head injuries. He was, therefore, forced to rely on circumstantial evidence and the opinions of his expert witnesses as to the cause of the accident. As shown in the reasons for judgment, the testimony of plaintiffs experts was contradictory and the trial court found it unconvincing.
Under Louisiana law a driver who leaves his lane of travel and goes into the opposite lane of traffic is presumed to be negligent. That presumption may be overcome only by clear and convincing evidence that his sudden presence in the opposing lane of traffic was due to unexpected and unforeseen circumstances over which he had no control. Brannon v. Shelter Mut. Ins. Co., 507 So.2d 194, 196 (La.1987); Alford v. Estate of Zanca, 552 So.2d 7, 13 (La.App. 5th Cir.1989).
UThe investigating police officers were unable to reconstruct the accident. Sergeant Wajda testified he could not determine the cause of the accident, but could identify “factors which possibly contributed to the accident”—specifically, the road was in poor condition with ruts and bumps and there was water on the roadway. Officer Torregano stated it was impossible to tell how fast either vehicle was going, so the only factor he could use was the condition of the road surface. He admitted he had issued a citation to Cross for failure to maintain control of his vehicle because he felt if Cross had been traveling at a safe speed he most likely would not have lost control. There was no evidence that Cross applied his brakes at all.
Bernard Caine testified that after he saw the pick-up truck coming at him he attempted to avoid the accident by pulling his truck off to the side of the road. He stated that not only did he see nothing that might have caused the driver of the pickup truck to change lanes, no driver was visible inside the pickup truck.
The “clear and convincing evidence” standard of proof means that the driver who crosses into his opposite lane of travel must clearly exhibit that his conduct in no way contributed to the accident:
Here the situation is different because [the driver], having caused the accident by leaving his own traffic lane, is presumed guilty of negligence and the onus rested on him to demonstrate that the accident resulted from such a state of unforeseeable circumstances beyond his control (and to which he did not contribute), that he could not extricate himself, despite the efficient use of all protective measures at his command. In other words, it was his burden to show that he was not guilty of any dereliction, however slight, which may have had causal connection with the accident. We say this because it seems only reasonable to resolve that a motorist owes to the travelling public the duty of remaining in his own lane of traffic and, when he undertakes to enter the lane devoted to approaching traffic, he must be held strictly accountable for all damages resulting therefrom unless he clearly exhibits that his conduct in no wise contributed to the accident.
Rizley v. Cutrer, 232 La. 655, 95 So.2d 139, 142 (1957).
|5We find no merit to appellant’s attempt to invoke the doctrine of res ipsa loquitur. He asserts that the speed limit on this stretch of roadway was too high at 35 m.p.h., that the River Road suffers seepage from the levee, that portions of the road have potholes and ruts, that there is occasionally some standing water on the road, and that many accidents occur on River Road. However, there were signs posted showing the speed limit was 25 m.p.h. and also warning, “Substandard Roadway.” Both drivers saw those signs. Further, plaintiffs own experts testified that speed played no part in the accident and none of the witnesses identified any specific roadway defect that could explain what happened in this accident. Because the circumstances of the accident make *1328 out a prima facie case against Cross, the theory of res ipsa could apply only to establish his negligence.
Louisiana courts have utilized res ipsa primarily when (1) the accident is of the kind that does not ordinarily occur in the absence of negligence, (2) the injury was caused by an agency or instrumentality within the actual or constructive control of the defendants, and (3) evidence of the real cause of the accident is more readily accessible to the defendant.
Trapani v. State Farm Fire & Cas. Co., 424 So.2d 449, 452 (La.App. 5th Cir.1982), writ denied 430 So.2d 76. The accident here was caused by Cross being in the wrong lane of traffic; his pickup truck was within his active control and he is the best source of evidence of the cause of his own movements.
Further, res ipsa cannot be invoked when it reasonably can be shown that the accident could have occurred as a result of one of two or more causes. Hancock v. Safeco Ins. Co., 368 So.2d 1162, 1164 (La.App. 3rd Cir.1979), writ denied 369 So.2d 1377. “Taken as a whole, circumstantial evidence must exclude, other reasonable hypotheses with a fair amount of certainty.” Carter v. City Parish Government of East Baton Rouge, 423 So.2d 1080, 1085 (La.1982). Such certainty is absent from the evidence in this case.
We are, therefore, unable to find the trial court clearly wrong in his conclusion that Ramel Cross failed to carry his burden of proving by clear and convincing evidence that hejgwas not at fault in crossing into the opposing lane of traffic. Accordingly, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant.
SUSPENSIVE APPEAL CONVERTED TO DEVOLUTIVE APPEAL; JUDGMENT AFFIRMED.